[L. A. No. 193.   Department One.—October 9, 1897.]

# ALLAN POLLOK, Respondent, v. CITY OF SAN DIEGO, Appellant.

MUNICIPAL CORPORATIONS—SAN DIEGO—EMPLOYMENT OF SPECIAL COUNSEL.— Under chapter 5 of the charter of the city of San Diego (Stats. 1889, p. 664), the common council has power to employ special counsel. This power may be exercised either by the joint resolution of the two boards, or by ordinance, since the charter vests the power in the common council, and does not prescribe the mode in which it shall be exercised.

ID.—CERTIFICATE OF AUDITOR—APPROPRIATION OF MONEY—CONSTITUTIONAL LAW.—The provision of chapter II, section 14, of such charter (Stats. 1889, p. 659), that all ordinances or resolutions appropriating money or incurring indebtedness or liability against the treasury, before being passed, shall have the certificate of the auditor in writing thereon to the effect that such appropriation can be made or indebtedness incurred without the violation of any of the provisions of the charter, is constitutional, and a resolution purporting to incur an indebtedness or create a liability, without such certificate, is void and ineffectual to create a contract.

ID.—( RD NANCE OPERATING AS RESOLUTION.—An ordinance of the city of San Diego, so certified to by the auditor, providing for the employment of special counsel, and for the payment to him of a retainer, and further compensation to be paid upon the completion of future legal services which might happen within the year, operates as an appropriation of so much of the fund of that year as may be necessary to pay such compensation, and upon being vetoed by the mayor, and not again acted upon by the common council, can have no effect as an ordinance; nor can it be given effect as a joint resolution, because, by subdivision 40 of section 1, chapter 2, of the charter (Stats. 1889, p. 654), the allowance and payment of compensation of special counsel must be by ordinance, and it will be presumed that the common council did not

intend to enter into a contract unless at the same time an appropriation of funds should be made which would enable the city to perform its part thereof.

ID.—ORDINANCE INTRODUCED IN PURSUANCE OF RESOLUTION.—That the common council did not intend the ordinance to operate as a resolution, so as to create a contract for the employment of special counsel, will be further presumed from the fact that the ordinance was introduced in pursuance of a prior resolution providing therefor.

APPEAL from a judgment of the Superior Court of San Diego County.  W. L. Pierce, Judge.

The facts are stated in the opinion.

H. E. Doolittle, and T. L. Lewis, for Appellant.

James E. Wadham, and McDonald & McDonald, for Respondent.

HAYNES, C.—The plaintiff, Allan Pollok, as the assignee of J. E. Deakin, an attorney at law, recovered a judgment in the superior court against the city of San Diego for the sum of sixteen hundred and thirty-one dollars and twenty-five cents, found to be a balance due the plaintiff as such assignee for legal services rendered to said city by said Deakin, and from said judgment the city appeals on the judgment-roll.

Appellant's contention is, that the findings do not support the judgment.

The court found that on March 10, 1891, the common council of said city employed Mr. Deakin as its special counsel and attorney in a certain action then pending against the city, by adopting and recording the following joint resolution:

"Resolved, that Mr. Deakin be employed to conduct the case of *San Diego Water Company v. City of San Diego,* and to take sole charge, and that he be paid five hundred dollars retainer, five hundred dollars on completion in superior court, and one thousand dollars additional if taken to supreme court of state. That an ordinance be drawn to that effect, and in case of settlement before going to trial that the five hundred dollars retainer be allowed Mr. Deakin in full payment."

It was further found: "That said joint resolution was never presented to the auditor of said city, and did not have at the time of its passage a certificate of said auditor indorsed thereon or at-

tached thereto: that the liability thereby created against said city could be incurred without the violation of any of the provisions of the charter of said city." That on or about the 17th of March, 1891, the board of aldermen and board of delegates duly passed an ordinance embodying the terms of said resolution; that said ordinance at and before its passage had indorsed thereon a certificate of the auditor dated March 16, 1891, as follows: "I hereby certify that the indebtedness may be incurred without violation of the provisions of the charter, and that the same be paid out of the general fund of 1891."

That said ordinance was vetoed by the mayor and was never repassed by the common council.

That Deakin accepted said employment and took charge of said case, and kept and performed all the duties on his part until on or about January 7, 1893, when defendant notified him that his services were not further required in said action; that Deakin was at all times ready, willing, and able to comply with the terms of said contract, and did not consent to said discharge.

That said action was tried in the superior court in August, 1893, and was appealed to the supreme court in January, 1894; that Deakin was paid five hundred dollars by the defendant in May, 1891, and that there was due and unpaid fifteen hundred dollars and interest from March 5, 1894.

It is contended by appellant that said resolution did not constitute a contract on the part of the city: 1. Because the auditor had not certified that the liability mentioned therein could be incurred without violating any of the provisions of the city charter; and 2. That the resolution itself contemplated further action by the passage of an ordinance to carry into effect the matters mentioned in the resolution; and it is also contended by appellant that the ordinance, though it bore the auditor's certificate, did not constitute a contract nor have any effect for any purpose, because it was vetoed by the mayor and not repassed over his veto.

I have no doubt that the common council has power to employ special counsel, and that this power may be exercised either by the joint resolution of the two boards, or by ordinance, since the charter vests that power in the common council and does not prescribe the mode in which it shall be exercised. That the common council has such power, see chapter 5 of the charter (Stats. 1889, p. 664); and as to the mode in which it may be exercised,

see *Atchison Board of Education v. De Kay,* 148 U. S. 591, 598, and cases there cited.

It is contended by respondent, however, that the provision of the charter requiring the auditor's certificate, above mentioned, is unconstitutional and void, and that, therefore, the resolution of March 10th is valid, and constitutes a contract with Deakin when accepted and acted upon by him.

The validity of said charter provision (Stats. 1889, c. 2, sec. 14, p. 659), requiring the certificate of the auditor before such resolution is passed, was considered in *Higgins v. San Diego, ante,* p. 524. and its validity sustained. Upon a rehearing granted in that case this portion of the opinion has been affirmed, and, upon the authority of that case, the resolution of March 10th must be held void and ineffectual to create a contract.

That the ordinance afterward passed by the council is of no force or effect as such, because vetoed by the mayor and not again passed or acted upon by the common council, is not controverted by respondent; but he contends that conceding its invalidity as an ordinance, that it may nevertheless operate as a joint resolution, and, as the proper certificate was indorsed thereon by the auditor before its passage, it is valid as such joint resolution and constitutes a binding contract.

The argument is, that, as the charter does not provide that joint resolutions shall be approved by the mayor, that his veto can have no operative effect; and as this ordinance "does not make or purport to make an appropriation of money, or 'to allow and order paid' any sum of money, it could properly take effect as a joint resolution."

By subdivision 40 of section 1, chapter 2 of the charter (Stats. 1889, p. 654, "to allow and order paid" the compensation of special counsel must be by ordinance, and cannot exceed in any one fiscal year the sum of five thousand dollars. The supposed contract in this case did not fix definite dates for the different payments, but these, except the first, were to be made upon the happening of certain events which might all have occurred within the year. The ordinance was presented to the auditor as required by the charter, and he certified that the indebtedness could be incurred without violation of the provisions of the charter, "and that the same be paid out of the general fund of 1891."

This certificate, taken in connection with another provision of the charter that: "No expenditure, debt, or liability shall be made, contracted, or incurred during any fiscal year that cannot be paid out of the revenues for such fiscal year," made the ordinance operate as an appropriation of so much of the fund of that year as should be necessary to pay the sums named in the ordinance.

Conceding that an ordinance, such as that here in question, may operate as a contract and also as an appropriation of funds to meet the liability incurred by the contract, it may well be that the common council did not intend to enter into a contract unless at the same time an appropriation of funds should be made which would enable the city to comply with and perform its part of the contract, and that such was the intention of the common council seems reasonably clear.

The common council must have known that a contract to pay for services incurred a liability against the city, and that no resolution which would operate to incur such liability could be passed, so as to become effective, without the auditor's certificate, and such certificate was not applied for or obtained. Besides, the resolution, after specifying the purpose and terms of the proposed employment, directed "that an ordinance be drawn to that effect."

These circumstances justify the conclusion that the common council did not intend to contract by resolution, but did intend to adopt that mode which would not only make a valid contract, but would operate as an appropriation of the necessary funds for its execution and also as an order for its payment as the payments became due. The ordinance, as well as the prior resolution, provided that Deakin should be paid a retainer of five hundred dollars, and without such payment he was not bound to perform any services or to enter in any manner upon the proposed employment; and, as it is conceded that money can only be appropriated or ordered paid by ordinance, the passage of an ordinance was essential to the payment of the retainer; and, as the ordinance was of no effect for want of the mayor's approval, there was no power to make the proposed contract effective, and the acquiescence of the common council in the veto, evidenced by its failure to take further action upon the ordinance, would indicate

its intention to abandon the proposed contract rather than to consider the ineffective ordinance as its joint resolution.

It is true the record shows that the city afterward paid Mr. Deakin five hundred dollars, but it does not appear by what authority it was paid. If subsequent action had been taken by the city authorities authorizing his employment, or which might be held to constitute an affirmance of the alleged contract, it would doubtless have been shown.

Several authorities are cited by respondent, some of them where ordinances are held to operate as or be equivalent to resolutions, and others where resolutions not acted upon by the mayor are held to be sufficient. In only one of these cases was the action of the legislative body of the municipality, which was in the form of an ordinance and which was submitted to and vetoed by the mayor, held operative as a resolution notwithstanding the veto. That was the case of *Jacobs v. Board of Supervisors,* 100 Cal. 121. The others were street improvement cases where the council were required to act by resolution and the action was in the form of an ordinance approved by the mayor, or where the action was in form a resolution and where the contention was that it should have been submitted to and approved by the mayor. It is obvious that in the first class of these cases, as the ordinance contained that which was required to be stated in the resolution, the mere form should not affect its validity, and though the approval of the mayor was unnecessary, it was harmless; while the second class presented the question whether the action of the council in the form of a resolution, and without being presented to the mayor, was sufficient.

In *Jacobs v. Board of Supervisors, supra,* the action of the board in fixing water rates was expressly authorized by the constitution to be by resolution or by ordinance. The board passed an ordinance which was vetoed by the mayor. There the duty of fixing water rates was positively enjoined, and was required by the constitution to be performed each year "in the month of February, to take effect on the first day of July thereafter," and for a failure to do so the board was subject to peremptory process to compel action and liable for such penalties as the legislature might prescribe; and it was held that, as the power to fix rates was granted solely to the board, the order was valid notwithstand-

ing the veto.   The only other California cases cited by respondent are *Los Angeles v. Waldron*, 65 Cal. 283, and *Hellman v. Shoulters*, 114 Cal. 136, 157.   These were both street improvement cases and come within the first class of cases above mentioned.   In *Los Angeles v. Waldron, supra,* one of the objections to the proceedings to condemn property for street purposes was that it was the duty of the council to do by resolution what it attempted to do by ordinance.   This court disposed of the objection by saying: "The latter in our opinion is the equivalent of the former"; and in *Hellman v. Shoulters, supra,* under similar facts, the court said: "An ordinance is also a resolution, or, at least so far as this statute is concerned, they are equivalent," and cited the Waldron case.   In all these cases there was the power to act in some mode, and the intention to act so as to effectuate the purpose in view.

In the case at bar, there was clearly no intention to act by resolution in making the alleged contract, and, as an ordinance was necessary to enable them to perform the contract if one had been made by the resolution, we conclude that when the ordinance was vetoed the common council did not intend to enter into a contract they could not perform without the concurrence of the mayor.

We conclude, therefore, that the evidence does not support the finding that the common council made or entered into a contract to employ Mr. Deakin, and the judgment appealed from should be reversed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

Garoutte, J., Harrison, J., Van Fleet, J.