[L. A. No. 1802. In Bank.—December 26, 1905.]

LOS ANGELES CITY SCHOOL DISTRICT et al., Petitioners, v. O. W. LONGDEN et al., Board of Supervisors of Los Angeles County, Respondents.

School Law—Bonds of City School District—Power of City under Charter not Exclusive.—A city school district comprising the territory of the city and certain contiguous outlying lands is a distinct corporate entity of quasi-municipal character, which is not lost or merged in that of the city; and authority given to the city

by its charter to issue bonds for the erection of a schoolhouse within the city limits as a "municipal affair" is not exclusive, and cannot affect the separate and independent power conferred upon the board of trustees of the school district under the general school system of the state to provide, in pursuance of sections 1880 to 1887 of the Political Code, for the issuance of its bonds for the same purpose *by the board of supervisors of the county at the instance of the* school district.

APPLICATION to the Supreme Court for Writ of Mandate to compel the issuance of bonds of Los Angeles City School District by the Board of Supervisors of Los Angeles County.

The facts are stated in the opinion of the court.

W. B. Mathews, and S. B. Robinson, for Petitioners.

J. D. Fredericks, District Attorney, and Hartley Shaw, Chief Deputy, for Respondents.

HENSHAW, J.—This is an original application to this court for a writ of mandate growing out of the following facts: The Los Angeles City School District of Los Angeles County comprises for its territory the city of Los Angeles and certain contiguous outlying lands. Its governing body is the board of trustees of Los Angeles City School District of Los Angeles County, whose members are the same as those of the board of education of the city of Los Angeles. This board of trustees, in compliance with the provisions of section 1880 et seq. of the Political Code, initiated proceedings for the issuance of bonds of the school district, which proceedings were regularly carried to the point where the board of trustees certified to the board of supervisors of the county its action in the premises, as provided by section 1884 of the Political Code. The board of supervisors has refused to issue the bonds, as required by section 1884, upon the ground that the city of Los Angeles, as a municipal corporation, has, under its charter and the laws of the state, the sole and exclusive right to issue bonds for the purpose specified. This is the only issue presented by this controversy. It has been repeatedly decided that a school district is a corporation of quasi-municipal character, and, though its territorial limits

may be actually coterminous with those of a city, the identity of the school district as a corporate entity is not lost nor merged in that of the city. (*Estate of Bulmer,* 59 Cal. 131; *Hughes* v. *Ewing,* 93 Cal. 414, [28 Pac. 1067]; *Kennedy* v. *Miller,* 97 Cal. 429, [32 Pac. 558]; *In re Wetmore,* 99 Cal. 146, [33 Pac. 769]; *Board of Education* v. *Board of Trustees,* 129 Cal. 599, [62 Pac. 173]; *Mitchell* v. *Board of Education,* 137 Cal. 372, [70 Pac. 180]; *Hancock* v. *Board of Education,* 140 Cal. 554, [74 Pac. 44].) Thus, in the last-cited case it is said: "Every city constitutes a separate school district, including such outlying territory as may be legally attached to it. (Pol. Code, sec. 1576.) . . . A city charter adopted under the provisions of the constitution has no effect whatever upon the existence or legal character of a school district formed under the general law."

That school districts may in proper cases issue bonds is of course not disputed. It remains to be considered whether this general power to issue bonds which has been granted to school districts has been taken away from this particular school district by force of the charter of the city of Los Angeles. Upon this proposition the contention of respondent is that all matters touching schools within the corporate limits of a city are "municipal affairs," and that as, under the provisions of section 6 of article XI of the constitution, the charter of a city is supreme in municipal affairs, the charter of Los Angeles thus becomes the sole guide, authority, and power for the issuance of school bonds; that the charter of Los Angeles denies the power to its board of education to take the initiatory steps towards the issuance of school bonds, and confers that power upon its city council; and that its city council, under the provisions of section 78 of the charter, draws its power from the provisions of the General Improvement Act of 1901. Herein reliance is placed upon the language of this court in the case of *Law* v. *San Francisco,* 144 Cal. 384, [77 Pac. 1014]. There this court had under consideration the question of the power of the municipality to issue bonds for the erection of new schoolhouses and the improvements of existing schoolhouses, and the case of *In re Wetmore,* 99 Cal. 151, [33 Pac. 769], was cited and quoted from, to the effect that as schoolhouses are essential aids in the promotion of education, their erection is but incidental to the

maintenance of the schools, and falls as completely within the functions of a municipal government as does the erection of a hospital for its indigent poor or buildings for its fire-engines. It thus may be taken as decided and settled that a city, as such, may bond itself for public-school purposes, and that this power extends to all cases where the object is in furtherance, and not in derogation of or in conflict with, the general school system established by the state. For in this connection it must be remembered, as was said in *Hancock* v. *Board of Education*, 140 Cal. 554, [74 Pac. 44], that the school system of the state is a matter of general concern, and not 'a municipal affair. It may be well to dwell upon this distinction with more particularity, and in so doing to point out the well-recognized and oft-repeated difference between the acts of the city as a city and the acts of the school district which may comprise the same territory. They are essentially the acts of two different corporate entities—the powers of the city being drawn from its charter, the powers of the school district being derived from the provisions of the Political Code; the bonds which the city issues being municipal bonds of that city, and the power to issue them being derived from the charter taken with the general laws, while the bonds of the school district are in name and in fact school-district bonds, the right and power to issue them being derived from the Political Code. What, therefore, the Wetmore case and the Law case decided was that the erection of schoolhouses within the corporate limits of a municipality was justly to be regarded as a municipal affair, and that the city, therefore, as such, could create a bonded indebtedness for such and like purposes, even though power to do the same thing was, under the general school system of the state, vested in a school district which, while occupying the same territory as that of the city, was still in point of law a distinct corporate entity. It follows, therefore, that the declaration of this court that the issuing of bonds for the building of schoolhouses by a city is a municipal affair constitutes in no sense a negation of the fact that another corporate entity—the school district—may, under the general school system of the state, do the same thing for the same purpose.

Moreover, it should be finally emphasized that the power of

a municipality in this regard can only run current with, and never counter to, the general laws of the state touching the common-school system. To such general laws, if conflict arises, all municipal charters must be subservient. (Const., art. IX, sec. 5, and art. IV, sec. 25, subd. 27.) In the case of *In re Wetmore,* 99 Cal. 146, [33 Pac. 769], the identical question here presented was, under a somewhat dissimilar guise, considered and disposed of, and an analysis of the Wetmore case will make this plain. In that case the city council of the city of Oakland had issued its bonds for school purposes under the act of March 19, 1889; the successor to which act being the present General Improvement Act of 1901. A taxpayer called in question the validity of the bond issue, and urged as one of his objections that such bonds could be issued only by the school district. It will be noted, therefore, that the question under consideration in *In re Wetmore* was the reverse of the one here presented; in the Wetmore case it being contended that the school district had exclusive power to issue school bonds, while in the case at bar the contention is that the city holds this exclusive power. This court declared that the provisions of sections 1880-1887 of the Political Code for the issuance by the supervisors of the county of school-district bonds do not limit or qualify the power conferred by the act of March 19, 1889, upon an incorporated city to issue its own bonds for the same purpose, notwithstanding the provisions of section 1576 of the same code making such incorporated city a school district, saying: "There is not, however, any inconsistency between the two acts. The bonds authorized by these sections of the Political Code are different obligations from those issued by the municipal corporation under the act of March 19, 1889. A school district has not, like an incorporated city, any financial officers, nor has it been intrusted with the power of assessment and taxation which is conferred upon an incorporated city, and for these reasons, as well as others, the legislature would naturally intrust to the supervisors of the county, as being the body having the financial supervision of the school district, the function of issuing and providing for the payment of school-district bonds; and as by the constitution bonds cannot in any case be issued, except upon a vote of two-thirds of the qualified electors of

the district voting upon the question of their issuance, the agency by which they might be executed would seem immaterial, and there would be little likelihood of an issuance being authorized to be made for the same purpose by each agency. . . . If it should be conceded that the power to issue bonds for the same purposes rests in the supervisors at the instance of the school district, and also in the city itself, the bonds which are authorized by the Political Code are to be issued in the corporate name of the school district, which by section 1575 of that code must be '——— district of ——— county,' whereas the bonds in question are those of the municipality of the city of Oakland, and their validity is to be determined by the power of the municipal corporation to issue them."

It follows from the foregoing that while the city of ·Los Angeles in a proper case would have the power to issue its municipal bonds for the erection of new schoolhouses and the improvement of existing ones, for the acquisition of land for these purposes, and the like, the school district, petitioner herein, has also its separate and independent power to do the same thing, and that the bonds so issued are not municipal bonds of the city of Los Angeles, but are the bonds of the school district proper, and the writ of mandate should issue accordingly.

Let the mandate issue as prayed for.

McFarland, J., Angellotti, J., Van Dyke, J., and Lorigan, J., concurred.