[Civ. No. 1364.   First Appellate District.—November 7, 1914.]

HERMAN I. STERN, as School Director of the City of Berkeley, Appellant, v. THE CITY COUNCIL OF THE CITY OF BERKELEY et al., Respondents.

MUNICIPAL CORPORATIONS—SCHOOL LAW—COMPENSATION OF SCHOOL DIRECTOR—CHARTER OF BERKELEY—CONSTITUTIONALITY OF SECTION 19, ARTICLE V.—Section 19 of article V of the charter of the city of Berkeley, which provides that "each school director shall receive $5.00 for each regular meeting of the board of education which he shall attend, provided that he shall not receive more than $15.00 in any month," is not invalid under subdivision 2 of section 8½ of article XI of the constitution, as it existed prior to the amendment of October 1911, notwithstanding that such subdivision of the con-

stitution, prior to such amendment, contained no express provision authorizing municipal corporations to provide in their charters for the payment of school director's salaries.

ID.—CITY CHARTERS—CONSTRUCTION.—The provisions of city charters must be upheld unless they are clearly shown to have been at the time of their enactment repugnant to and inconsistent with the then fundamental law.

ID.—NATURE OF CITY CHARTERS—LAWS OF STATE.—A city charter framed and adopted pursuant to constitutional provisions is not a law passed by a municipality, but is a law of the state, having the same force and effect as a law directly enacted by the legislature.

ID.—CONSTITUTIONAL LIMITATIONS — POWERS OF LEGISLATURE.—CHARTERS.—Our constitution is not a grant of power but rather a limitation upon the powers of the legislature; and it is competent for the legislature to exercise all powers not forbidden by the constitution of the state or delegated to the general government or prohibited by the constitution of the United States. Accordingly, it has been held that unless prohibited by some provision of the constitution, expressed or necessarily implied from its terms, a municipal charter adopted, as provided in article XI of the constitution, may contain any provision not in conflict with or covered by the general laws of the state.

ID.—GENERAL SCHOOL LAWS—CONFLICTING CHARTER PROVISIONS CONTROLLED BY.—The acts passed by the legislature, in accordance with general provisions of the constitution, providing a general system of laws concerning the creation and conduct of common schools in this state, are controlling and conclusive over conflicting charter provisions; but the charter of a city or of a city and county may provide for matters not enumerated in the general laws and not in conflict therewith. The power of charters to so provide extends to all cases where the purpose of the provision is in furtherance of the purpose of the general laws of the state.

ID.—COMPENSATION OF SCHOOL DIRECTORS—CHARTER PROVISION REGULATING—NOT CONFLICTING WITH GENERAL LAWS.—There is no general law with respect to the compensation to be paid to school directors or trustees; and the general laws relating to and regulating the state school system nowhere limit or deny the right of a municipality or of the legislative power acting through a freeholder's charter to make provision for the payment of salaries to school trustees or directors; and the provision of section 19 of article V of the charter of the city of Berkeley, providing for compensation of school directors, is valid, being obviously in furtherance of the school system adopted by the state and does not conflict with the general laws relating to and regulating the same.

ID.—SCHOOL DIRECTOR A MUNICIPAL OFFICER—COMPENSATION A MUNICIPAL AFFAIR.—A school director of the city of Berkeley is a munici-

pal officer, irrespective of whether or not the duties of the office are exacted by the charter or imposed by the general law of the state, and therefore the compensation to be paid him by the city out of the city treasury for services rendered the city in maintaining its school system as an integral part of the state school system is purely a municipal affair which is exclusively controlled by charter provisions.

ID.—CHARTER PROVIDING COMPENSATION OF SCHOOL DIRECTOR NOT SPECIAL LEGISLATION.—The provision of the charter of the city of Berkeley providing for compensation of school directors is not a special law under subdivision 28 of section 25 of article IV of the constitution.

ID.—MUNICIPAL CHARTER—GENERAL LEGISLATION.—Where a municipal charter as a whole is germane to the purpose of its creation, and its various sections are subordinate to and in harmony with the fundamental and statutory law of the state and affect all persons and things alike in the particulars provided for, the objection that such charter, or any provision thereof, is special legislation, cannot be successfully maintained.

APPEAL from a judgment of the Superior Court of the County of Alameda. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Vincent Surr, and William H. Bryan, for Appellant.

Redmond C. Staats, and Geo. L. Hughes, for Respondents.

LENNON, P. J.—The appellant in this proceeding is a school director of the city of Berkeley. He sought by a petition for writ of mandate presented to the superior court of Alameda County to compel the respondents as members of the city council to issue to him a warrant upon the city treasury for his salary as school director. An alternative writ was issued, a demurrer to which was sustained without leave to amend; and this appeal is from the judgment thereupon entered.

Petitioner's claim to the salary in controversy is based on section 19 of article V of the charter of the city of Berkeley, which provides that "each school director shall receive five dollars for each regular meeting of the board of education which he shall attend, provided that he shall not receive more than fifteen dollars in any month."

The question here involved is the validity of this provision, considered in conjunction with the constitution of the state, as such constitution existed prior to the amendment in October, 1911, of subdivision 2 of section 8½ of article XI, which amendment reads as follows:

(1) "It shall be competent, in all charters framed under authority given by section 8 of article eleven of this constitution to provide, in addition to those provisions allowable by this constitution and by the laws of this state, as follows: . . . (2) for the manner in which, the times at which, and the terms for which the members of boards of education shall be elected or appointed, and for the number which shall constitute any one of such boards."

This subdivision, as amended, in October, 1911 (Stats, 1911, p. 2166), expressly declares that it shall be competent in all charters framed under authority of section 8 of article XI of the constitution to provide for the qualifications, compensation, and removal of members of boards of education. It thus appears that prior to the amendment in question, the power of city charters to fix the compensation of members of boards of education was not in express terms given by the constitution. It is not contended, however, upon behalf of the respondents, that the amendment referred to is retroactive or that it in any wise affects the constitutionality of the charter provisions in controversy here. It is the contention of respondents that, before the amendment to the constitution in the particulars stated, a municipal corporation was not authorized to provide for the payment of salaries to school directors; and therefore it is argued that the charter provision in question had no basis for its enactment and is therefore void. The charter provision in question must be upheld unless it is clearly shown to have been at the time of its enactment repugnant to and inconsisent with the then existing fundamental law. A charter framed and adopted pursuant to the constitutional provisions is not a law passed by a municipality. It is a law of the state having the same force and effect as· a law directly enacted by the legislature. As was said in *Ex parte Sparks,* 120 Cal. 395, 399, [52 Pac. 715, 717], "it is clear that it is made a law by the legislature, and becomes a law by this expression of the sovereign will of the state. It prevails and has force as a law of the state, and is not made a law by the people of the municipality by virtue

of authority delegated to them. It is proposed by the municipality, and is accepted and passed into a law by the legislature or rejected, as it shall see fit.'' (See, also, *Sheehan* v. *Scott,* 145 Cal. 684, 685, [79 Pac. 350]; *Fragley* v. *Phelan,* 126 Cal. 383, [58 Pac. 923]; *Frick* v. *Los Angeles,* 115 Cal. 512, [47 Pac. 250].)

Our constitution is not a grant of power, but rather a limitation upon the powers of the legislature; and it is competent for the legislature to exercise all powers not forbidden by the constitution of the state or delegated to the general government or prohibited by the constitution of the United States. Accordingly, it has been held that unless prohibited by some provision of the constitution expressed or necessarily implied from its terms, a municipal charter adopted as provided in article XI of the constitution may contain any provision not in conflict with or covered by general laws of the state. (*Los Angeles School District* v. *Longden,* 148 Cal. 380, [83 Pac. 246].) It is true that the legislature, in keeping with the general provisions of the constitution, has provided a general system of laws concerning the creation and conduct of the common schools of the state. These laws are controlling and conclusive over conflicting charter provisions; but the charter of a city or of a city and county may provide for matters not enumerated in the general laws and not in conflict therewith. (*McKenzie* v. *Board of Education,* 1 Cal. App. 407; [82 Pac. 392]; *Kennedy* v. *Miller,* 97 Cal. 429, [32 Pac. 558].) The power of charters to so provide extends to all cases where the purpose of the provision is in furtherance of the purpose of the general laws of the state. (*Los Angeles School District* v. *Longden,* 148 Cal. 380, [83 Pac. 246].) In the present case the charter provision in question is obviously in furtherance of the school system adopted by the state and does not conflict with the general laws relating to and regulating the same. There is no general law with respect to the compensation to be paid to school directors or trustees. The general laws relating to and regulating the state school system nowhere limit or deny the right of a municipality or of the legislative power acting through a freeholder's charter to make provision for the payment of salaries to school trustees or directors.

It is further contended upon behalf of the respondents that inasmuch as the public school system of the state has been

made by the constitution and general laws a matter of general concern, the regulation of that system is a state affair, as distinguished from a municipal affair; and therefore can be rightfully covered and controlled only by general state laws. Generally speaking, this may be so; but in our opinion appellant, as a school director of the city of Berkeley, is a municipal officer, irrespective of whether or not the duties of the office are exacted by the charter or imposed by the general law of the state, and therefore the compensation to be paid him by the city out of the city treasury for services rendered the city in maintaining its school system as an integral part of the state school system is purely a municipal affair, which is exclusively controlled by charter provisions. (*Trefts* v. *McDougald,* 15 Cal. App. 584, [115 Pac. 655].)

The further contention that the charter provision in question is a special law and is therefore unconstitutional under subdivision 28 of section 25 of article IV of the constitution is untenable. Necessarily the charters of the various cities throughout the state must differ in many minor details in order to conform to the varying needs of different localities. Such differences, however, will not operate to bring each of the many existing city charters within the category of special legislation. Where a municipal charter as a whole is germane to the purpose of its creation, and its various sections are subordinate to and in harmony with the fundamental and statutory law of the state and affect all persons and things alike in the particulars provided for, the objection that such charter or any provision thereof is special legislation cannot be successfully maintained. (*Potwin* v. *Johnson,* 108 Ill. 70; *People ex rel.* v. *Hoffman,* 116 Ill. 587, [56 Am. Rep. 793, 5 N. E. 596, 8 N. E. 788]; *Ladd* v. *Holmes,* 40 Or., 167, [91 Am. St. Rep. 457, 66 Pac. 714]; *Nichols* v. *Walter,* 37 Minn. 264, [33 N. W. 800].)

Respondents' contention that the petition does not show that the city of Berkeley has any funds from which his claim could be paid is answered by the petition itself, which alleges that there are moneys in the general fund for this purpose.

What we have thus far said in effect covers and disposes of the remaining points made upon behalf of the respondents. In conclusion, it may be said that we have been cited by opposing counsel to all of the decisions of our appellate courts relating to powers conferred under various charter provisions.

It would be a matter of supererogation to reassert the doctrines laid down in those cases. We are satisfied that nothing contained in the legislative enactments or in any of the expressions of opinion of the courts of last resort upon the subject in hand conflicts with the conclusions we have reached here.

For the reasons stated, it is ordered that the judgment appealed from be reversed, with instructions to the lower court to overrule the demurrer and require the respondents to answer.

Richards, J., and Kerrigan, J., concurred.