[Civ. No. 2774. Second Appellate District.—October 17, 1918.]

JOHN S. ACKERMAN et al., Petitioners, v. H. L. MOODY, as Auditor of the City of San Diego, Respondent.

MUNICIPAL CORPORATIONS—SAN DIEGO CHARTER—BOARD OF EDUCATION —RECALL.—Under the charter of the city of San Diego, the right to recall members of the board of education equally with the right to elect such members is vested in the city.

ID.—MANDAMUS.—The city auditor of San Diego may be compelled by *mandamus* to make his certificate, as prescribed by section 14 of chapter 2 of article II of the charter, to the effect that the indebtedness to be incurred under a resolution calling a primary election for the purpose of nominating candidates for the offices of members of the board of education in case the incumbents be recalled at a recall election, might be so incurred without the violation of any charter provision.

PROCEEDINGS in Mandamus against the city auditor of the City of San Diego.

The facts are stated in the opinion of the court.

Harrison G. Sloane, for Petitioners.

Warren E. Libby, for Respondent.

T. B. Cosgrove, City Attorney, *Amicus Curiae.*

CONREY, P. J.—In accordance with proceedings regularly taken for that purpose the common council of the city of San

Diego, on the thirty-first day of July, 1918, adopted a resolution calling for a primary election to be held in said city for the purpose of nominating candidates for three offices of members of the board of education of that city, in case the incumbents be recalled at a proposed recall election. The resolution was duly referred and presented to the defendant for the purpose of procuring from him a written certificate to the effect that the indebtedness incurred under the terms of said resolution could be incurred.without the violation of any of the provisions of the freeholders' charter of the city. The defendant has refused to make the required certificate, basing his refusal upon the ground that the recall provisions of the charter do not apply to members of the board of education. In this proceeding the petitioners pray for a writ of mandate commanding the defendant to make the demanded certificate.

The duty of the city auditor to make certificates of the kind here required is prescribed by section 14 of chapter 2 of article II of the charter of the city of San Diego. That he must do this in a proper case is not denied. (*Higgins* v. *San Diego Water Co.*, 118 Cal. 524, 551, [45 Pac. 824, 50 Pac. 670]; *Pollok* v. *City of San Diego*, 118 Cal. 593, 596, [50 Pac. 769].)

Section 8½ of article XI of the constitution of California, as amended October 10, 1911, and also as amended November 3, 1914, provides that "it shall be competent, in all charters framed under the authority given by section eight of this article, to provide, in addition to those provisions allowable by this constitution and by the laws of the state as follows: . . . 2. For the manner in which, the times at which, and the terms for which the members of boards of education shall be elected or appointed, for their qualifications, compensation and removal, and for the number which shall constitute any one of such boards." The charter of the city of San Diego at all times since its adoption in 1889 has provided that the government of the San Diego school district shall be vested in a board of education. As amended in the year 1905, section 2 of article VII of the charter reads as follows: "The government of the San Diego school district shall be vested in a board of education, composed of five persons, who shall be elected by the electors of the city of San Diego, at large, at the same time and in the same manner as other municipal officers, and each of whom shall have been for two years a resi-

dent of said city, who shall be styled member of the board of education. They shall serve four years, or until their successors are elected and qualified." Chapter 3 of article I of the charter, as amended in 1909, provides for the manner in which all primary and general municipal elections for the nomination and election of municipal officers shall be conducted in the city of San Diego. In that chapter members of the board of education are listed as municipal officers to be elected. Section 4 of chapter 4 of article I of the charter, as enacted in the year 1915, provides for the recall of "the holder of any elective office of this municipality," and prescribes the procedure for such recall. Section 3 of article VII of the charter provides that "the duties and powers of the board of education shall be such as are now, or may hereafter be enjoined and conferred on boards of education in city and school districts by the laws of the state of California."

Section 1576 of the Political Code provides that every city (with an exception not important here) shall constitute a separate school district which shall be governed by the board of education or board of school trustees of such city. Section 1616 of the same code provides that "boards of education are elected in cities under the provisions of the laws governing such cities, and their powers and duties are as prescribed in such laws, except as otherwise in this chapter provided."

The provisions of the city charter leave no room for doubt that the charter recognizes members of the board of education as municipal officers. That the constitution authorizes a city in its charter to create such municipal offices is also entirely clear and certain. The legislation of the state concerning school districts has been framed with an evident intent to harmonize with the power of cities to act as school districts and to be governed by boards of education. In *Allen* v. *Board of Trustees,* 157 Cal. 720, [109 Pac. 486], a writ of mandate was granted requiring the board of trustees of a city of the fifth class to include in their call for an election of officers of the city the matter of election of members of a board of education thereof. After citing that section of the Municipal Corporations Act which provides that in cities of the fifth class there shall be a board of education, and after quoting from section 1576 of the Political Code, the supreme court declared that, "under the plain terms of the statutes above

cited, such city will form a school district, to be governed by the board of education of such city. A board of education, composed of five members, is a part of the governmental machinery of cities of the fifth class, and it would therefore seem plain that a call for the election of the officers required by law to be elected in corporations of this class must include a call for the election of five members of the board of education."

It has been stipulated as a fact in this case that the San Diego school district of the county of San Diego comprises certain territory outside of the corporate limits of the city of San Diego; that the members of the board of education of the city of San Diego are paid the salary provided for them in the charter of said city by warrants drawn upon the county treasurer, upon orders approved by the superintendent of schools of the county of San Diego, and are not paid by the city treasurer of the city of San Diego. Relying upon these facts, the defendant claims that the members of the board of education of the city are not subject to recall under the provisions of the charter and are not municipal officers, because electors outside of the city limits and within the school district have the right to vote for the said members and therefore they cannot be termed municipal officers; and also because electors outside of the city are qualified as candidates for such offices and therefore members of the board of education cannot be termed municipal officers.

If the provisions of the written law on this subject were obscure, we might follow counsel for defendant in a study of the character of the duties, powers, and functions of school districts and of their officers, as a method of testing the question as to whether or not a member of a city board of education is a municipal officer. But in the absence of such ambiguity or obscurity such investigation is not necessary. If any rights of the persons residing in or owning property within the limits of the San Diego school district and outside of the city of San Diego have been encroached upon by the creation of the city of San Diego as a school district, there are within the law ample means for the protection of those rights without denying to the city of San Diego the right to have and to choose the members of a board of education. "That the education of the youth is properly included within the functions of a municipal government, cannot be denied. A municipal corporation is but a branch of the state government, and is established for the purpose of aiding the legislature in

making provision for the wants and welfare of the public within the territory for which it is organized, and it is for the legislature to determine the extent to which it will confer upon such corporation any power to aid it in the discharge of the obligation which the constitution has imposed upon itself.'' (*In re Wetmore,* 99 Cal. 146, 150, [33 Pac. 769, 770] ; *Los Angeles City School Dist.* v. *Longden,* 148 Cal. 380, [83 Pac. 246].) While those decisions recognize the principle that the school system of the state is a matter of general concern and not a municipal affair, they also recognize the right of a municipality to maintain educational departments running current with the general laws of the state touching the common school system. For such purposes there is no reason why a city should be denied the right to have municipal officers to take charge of the educational activities of the city. In the case of *Stern* v. *City Council of Berkeley,* 25 Cal. App. 685, [145 Pac. 167], the defendant challenged the validity of a provision of the city charter of the city of Berkeley which provided for compensation to a school director. It was contended that inasmuch as the public school system of the state has been made by the constitution and general laws a matter of general concern, the regulation of that system is a state affair as distinguished from a municipal affair, and therefore can be rightly covered and controlled only by general state laws. To which the court responded: ''Generally speaking, this may be so; but in our opinion appellant, as a school director of the city of Berkeley, is a municipal officer, irrespective of whether or not the duties of the office are exacted by the charter or imposed by the general law of the state, and therefore the compensation to be paid him by the city out of the city treasury for services rendered the city in maintaining its school system as an integral part of the state school system is purely a municipal affair, which is exclusively controlled by charter provisions.''

It is our opinion that the right to recall members of the board of education, equally with the right to elect such members, is vested in the city of San Diego. On the record presented herein, the petitioners are entitled to the demanded relief.

Let the peremptory writ issue.

James, J., and Shaw, J., concurred.