[Civ. No. 7678. First Appellate District, Division One.—March 7, 1931.]

JOHN MITCHELL, Appellant, v. FRANK R. HARTMAN et al., Respondents.

Lorrin Andrews for Appellant.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondents.

Joseph A. Allard, Jr., City Attorney, for Respondent City of Pomona.

GRAY, J., *pro tem.*—Appellant sued the city of Pomona and the individual members of its board of education for

the death of his son, who was killed by the fall, upon his body, of the supporting framework of a "tackling dummy" which he was then using. Respondents' liability, as alleged, is based upon their negligent erection and maintenance of the "tackling dummy" upon the campus of a junior high school, which deceased was then attending. Holding that the liability, if any, rested upon the school district, not joined as a party, the court granted motions for a nonsuit, separately made by the city and the members.

Appellant argues that, because the city's charter (Stats. 1911, p. 1913) authorizes the city to acquire, establish, maintain, own and operate schools, provides for the election of a board of education and invests such board with the entire control and management of the schools in the city, the school in question owed its inception, existence and maintenance to the city and therefore the city is liable for the tortious acts of the board created by it. The accuracy of these conclusions is dependent upon the correctness of the premises, based upon the charter. Section 6 of the charter (page 1916) provides that: "The elective officers of the city shall be . . . a president . . . and four members of the board of education. . . . " Section 52, subdivision 4 (page 1924), reads as follows: " . . . the City of Pomona shall have the right and power: To acquire . . . and to establish, maintain, equip, own and operate . . . schools. . . . " Section 73 (page 1938) states that: "The Board of Education shall have entire control and management of the public schools in the city *in accordance with the constitution and general laws of the state* and is hereby vested *with all the powers and charged with all the duties provided* by this charter and *by the general laws of the state for city boards of education.*" (Italics ours.) ▆ While as to matters of tenure and compensation, which are matters that may be regulated by the charter (Const., art. XI, sec. 8½, subd. 2), members of the board of education have been treated as municipal officers (*Stern* v. *City Council of Berkeley*, 25 Cal. App. 685 [145 Pac. 167]; *Ackerman* v. *Moody*, 38 Cal. App. 461 [176 Pac. 696]; *People* v. *Ralph*, 67 Cal. App. 270 [227 Pac. 642]), yet such members, after induction into office, become officers of a political subdivision of the state, separate and distinct from the municipality, within whose boundaries the school district is located.

(*Hancock* v. *Board of Education,* 140 Cal. 554 [74 Pac. 44]; *Ward* v. *San Diego School Dist.,* 203 Cal. 712 [265 Pac. 821].) ▇ Although there is no evidence to show that city funds were used in the erection or maintenance of the school, yet, if there were, such fact would not make the school a municipal affair and subject it to the city's control. (*Kennedy* v. *Miller,* 97 Cal. 429 [32 Pac. 558]; *Los Angeles School Dist.* v. *Longden,* 148 Cal. 380 [83 Pac. 246]; *Ward* v. *San Diego School Dist., supra.*) ▇ Section 73, by its grant to the board of the entire control and management of the school "in accordance with the Constitution and general laws of the state" not only negatives any idea that the charter considers the control and management of the schools a municipal affair, but expressly recognizes that the city schools form part of the state system and are to be managed and controlled in accordance with the state's laws. This is further emphasized by the imposition upon the board of the duties and powers provided by state law. ▇ We are satisfied that the city had no duty with reference to the erection and maintenance of the "tackling dummy" and therefore cannot be charged with negligence in that regard.

▇ We are also satisfied that the court correctly held that the members of the board were not individually liable. Section 1623 of the Political Code gives a right of action against the school district for an injury to any pupil arising because of the negligence of the district or its officers. (*Ahern* v. *Livermore Union High School Dist.,* 208 Cal. 770 [284 Pac. 1105].) The last paragraph of this section expressly exempts members of city boards of education from personal liability for accidents to children on the playgrounds. (*Dawson* v. *Tulare Union High School,* 98 Cal. App. 138 [276 Pac. 424].)

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.