[Civ. No. 10955.   Second Appellate District, Division One.—October 5, 1936.]

STEWART O. MERTZ, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Appellants.

Otto A. Gerth for Respondent.

DESMOND, J., *pro tem.*—This is an appeal from a judgment in favor of Stewart O. Mertz, decreeing that as a member of the board of education of the city of Los Angeles he is entitled to receive the sum of $480 for attendance at board meetings, and ordering the City Controller of Los Angeles to allocate from certain funds sufficient money to meet this obligation and to approve a warrant for the services rendered as certified by the board of education, which, in turn, is ordered to deliver the warrant to Mertz upon receiving it from the Controller. The judgment also orders the Mayor and City Council of Los Angeles to cooperate with the Controller in such action and directs the City Treasurer to pay the warrant when presented.

Article XI, section 8½ of the California Constitution (amendment of 1918), states that charters for cities may provide ''2. For the manner in which, the times at which, and the terms for which the members of Boards of Education shall be elected or appointed, for their qualifications, compensation and removal, and for the number which shall constitute any one of such boards.'' Section 255 of the charter of the City of Los Angeles reads as follows: ''The government of the School Department of the City of Los Angeles shall be vested in a Board of Education, to consist of seven members, to be elected as in this charter provided, and to be called Members of the Board of Education.'' Sec-

tion 256 of the charter provides: "Each Member of the Board of Education shall receive, in full compensation for all services of every kind rendered by him, five dollars for each regular meeting of said board attended by him, but not exceeding a total of fifty dollars ($50.00) in any one calendar month, the same to be paid out of the school fund."

A "special school fund" was carried on the books of the city and as a matter of fact one Allan E. Sedgwick was paid from city funds the sum of $480 for attending, as a member of the board of education, the ninety-six meetings for which respondent has claimed he should be paid. A contest having been filed against respondent's election in the latter part of June, 1933, and the superior court having ruled in favor of the contestant in October of that year, Sedgwick had been appointed by the board of education in the place of Mertz and over his objection, and had attended ninety-six board meetings before the judgment was reversed and Mertz again took his seat as a member of the board. Meanwhile Mertz also had attended all the meetings, had been able to act and had requested to be allowed to act.

■ Appellants contend that a member of the board of education of the city of Los Angeles is not a municipal officer although section 5 of the charter provides as follows: "The officers of the city shall be: a Mayor . . . the Members of the Board of Education, a City School Superintendent . . . ," and section 6 provides: "The following officers of the city shall be elected . . . at large: . . . The members of the Board of Education."

Appellants also argue that respondent cannot be considered a municipal officer for the reason that while he resides within the territorial boundaries of the Los Angeles city school districts, his home is in a section beyond the city boundaries, and section 307 of the charter provides as follows: "No person shall be eligible to nomination or election to any office under this charter who at the time of his nomination or election is not a qualified elector of this city," and shall not have been "a resident of the city for at least two years next preceding his nomination or election".

The argument is also advanced that, as stated in *Graham* v. *Mayor etc. of Fresno*, 151 Cal. 465, 473 [91 Pac. 147], "the legislature is not empowered to direct the appropriation of municipal funds for the payment of the salary or office expenses of one who is simply a county or township officer. Municipal funds can be appropriated under our system only for municipal purposes."

It does not appear in the instant case that the legislature has made any order appropriating city funds, and it has been held in *Law* v. *San Francisco*, 144 Cal. 384 [77 Pac. 1014], and in *Wetmore* v. *City of Wetmore*, 99 Cal. 146 [33 Pac. 769], that cities have the power to vote a bond issue for school purposes and thereby obligate the city. Commenting upon this point the court in *Whitmore* v. *Brown*, 207 Cal. 473, 479 [279 Pac. 447], notes "distinct evidences of the trend of our judicial decisions toward sustaining the power of cities, which desire to supplement the efforts of the state, counties and districts, to support, maintain and strengthen the public school system functioning within their borders". Then follows a quotation from *Los Angeles School District* v. *Longden*, 148 Cal. 380 [83 Pac. 246], leading to the following summation. "In short, the holding is that, notwithstanding the fact that the school system is of general concern and not strictly speaking a municipal affair, nevertheless it may be made such an affair by the city when acting in promotion and not in derogation of the legislative school plans and purposes of the state. For in said case of *Los Angeles School District* v. *Longden, supra,* it is further said: 'Moreover, it should be finally emphasized that the power of a municipality in this regard can only run current with, and never counter to, the general laws of the state touching the common-school system. To such general laws, if conflict arises, all municipal charters must be subservient.' "

It appears from the reasoning of these cases that the decision of the people of Los Angeles as expressed in their charter, to provide the local school system, extending as it does beyond city limits, with a board of seven members instead of three, as in smaller communities, and further to pay them a sum, far from excessive, for performing important duties from which the city derives decided benefits clearly should be sustained. Since it has been definitely

determined (*People* v. *Mertz*, 2 Cal. (2d) 136, 138 [39 Pac. (2d) 422]), that this respondent was elected legally a member of the board of education, notwithstanding certain disqualifying provisions of the city charter, it follows that he is entitled to receive the compensation provided for his services.

Judgment affirmed.

York, Acting P. J., and Doran, J., concurred.