[Civ. No. 11826.   First Dist., Div. One.   Nov. 10, 1941.]

HUGO E. BECKER et al., Petitioners, v. COUNCIL OF THE CITY OF ALBANY et al., Respondents.

Johnson & Harmon for Petitioners.

Joseph J. Yovino-Young, City Attorney, for Respondents.

KNIGHT, J.—Petitioners instituted this proceeding in mandamus to compel the City Council of the City of Albany to call a special election for the recall of three elective members of the board of education and one member of the city council serving *ex officio* as the fifth member of said board. The fourth elective member of the board is not involved. The sufficiency of the recall petition is not challenged, either as to its form or the number or qualification of the signers; but the council refuses to call the election upon the ground that members of the board of education are not subject to recall. The position taken by the council is not sustainable.

The city was chartered under section 8 of article XI of the state Constitution; and section 8 of the charter provides that "The members of the Council [there being five, one of whom officiates as Mayor], City Clerk, City Treasurer, City Attorney, City Judge and Chief of Police shall be elected from the City at large, and shall hold office for four years and until their successors are elected and qualified," and that the other officers and employees enumerated in said section shall be appointed by the council. Section 8½ of article XI of the Constitution declares that it shall be competent in all charters framed under the authority of said section 8 of article XI to provide in addition to those provisions allowable by the Constitution and by the laws of the state: "2. For the manner in which, the times at which, and the terms for which the members of boards of education shall be elected or appointed, for their qualifications, compensation and *removal,* and for the number which shall constitute any one of such boards" (italics ours) ; and pursuant to the constitutional authority thus granted section 38 of the charter of the city of Albany, which bears the title "Department of

Education," contains the following provisions: "(a) The control of the School Department shall be vested in a Board of Education which shall consist of five members who shall receive no compensation. A member of the City Council selected by the vote of the majority of the members of the Council as in this Charter provided shall be one of the members thereof. The other four members of the Board shall be elected at large by the electors qualified to vote, at municipal elections in the same manner and time as the members of the Council. . . . " "(f) Any vacancy in the elected members of the Board shall be filled by the vote of a majority of the Board until the next general city election for municipal officers, when a member shall be elected to fill the unexpired term. . . . " "(c) The Board shall have the entire management of the public schools of the City and in addition to the powers and duties prescribed by the provisions of this Charter shall have all the powers that are now or may hereafter be conferred and discharge the duties imposed, by law upon City Boards of Education." (Stats. 1927, p. 2312.) The school district over which said board exercises its management is known as Albany Unified School District. It is created under state law (sec. 2.2020, School Code) and it is coterminous with and includes within its boundaries all of the city of Albany. The city charter contains no specific procedural provisions for the removal of any of the persons holding office by election by the voters of the city, but section 40 of said charter declares: "All general laws of the State applicable to municipal corporations, now or hereafter enacted, and which are not in conflict with the provisions of this Charter or with ordinances hereafter enacted, shall be applicable to the City . . . "; and the general law (sec. 11100, Elections Code) provides that "The holder of any elective office of any city who has held office at least six months, and against whom no recall petition has been filed within six months, may be removed or recalled at any time by the voters by following the procedure set forth in this article."

Respondents agree that by virtue of section 40 of the charter the recall provisions of article I, chapter 3 of the Elections Code entitled "Municipal Officers" (which includes section 11100), are made part of the city charter and consequently are applicable to all elective officers of the city; but they contend that members of the Board of Education are not

municipal officers; and it is upon that ground they refused to call the election. In support of this contention they argue that notwithstanding the city charter provides, as permitted by the Constitution, for the election of the members of said board, prescribes their qualifications and the manner in which and the times at which they shall be elected, fixes their term of office and deals with the matter of their compensation, the members of said board, when elected, become officers of the Albany Unified School District, and therefore, in the absence of any recall provisions in the School Code, are not subject to recall by the voters by whom they were elected.

▮ It is well settled that the school system of the state is a matter of general concern and not a municipal affair, and that with respect to the exercise of their duties and functions and as to matters involving their responsibilities members of a board of education elected pursuant to charter provisions are governed by state laws, and to that extent are deemed to be officers of the school district. (*Ward* v. *San Diego School Dist.*, 203 Cal. 712 [265 Pac. 821]; *Mitchell* v. *Hartman*, 112 Cal. App. 370 [297 Pac. 77]; *Kelso* v. *Board of Education*, 42 Cal. App. (2d) 415 [109 Pac. (2d) 29].)

▮ But it is equally well settled that as to those matters set forth in subdivision 2 of section 8½ of article XI of the Constitution, that is, matters relating to their election, tenure of office, compensation and removal, they shall be considered municipal officers (*Stern* v. *City Council of Berkeley*, 25 Cal. App. 685 [145 Pac. 167]; *Mitchell* v. *Hartman, supra; Mertz* v. *City of Los Angeles*, 16 Cal. App. (2d) 697 [61 Pac. (2d) 346]; *Ackerman* v. *Moody*, 38 Cal. App. 461 [176 Pac. 696]; *Gerth* v. *Dominguez*, 1 Cal. (2d) 239 [34 Pac. (2d) 135]), and therefore as elective municipal officers are subject to recall (*Ackerman* v. *Moody, supra; Gerth* v. *Dominguez, supra*).

In the Ackerman case the charter of the city of San Diego provided for the election of a board of education in language almost identical with that here employed, and in holding that the members of the board were subject to recall as municipal officers the court said: "The provisions of the city charter leave no room for doubt that the charter recognizes members of the board of education as municipal officers. That the constitution authorizes a city in its charter to create such

municipal offices is also entirely clear and certain. The legislation of the state concerning school districts has been framed with an evident intent to harmonize with the power of cities to act as school districts and to be governed by boards of education''; and further on the court said: ''While those decisions [referring to *In re Wetmore,* 99 Cal. 146 (33 Pac. 769), and *Los Angeles City School Dist.* v. *Longden,* 148 Cal. 380 (83 Pac. 246)], recognize the principle that the school system of the state is a matter of general concern and not a municipal affair, they also recognize the right of a municipality to maintain educational departments running current with the general laws of the state touching the common school system. For such purposes there is no reason why a city should be denied the right to have municipal officers to take charge of the educational activities of the city.'' In support of its determination the court cited and quoted from *Stern* v. *City Council of Berkeley, supra,* and in concluding its opinion said: ''It is our opinion that the right to recall members of the board of education, equally with the right to elect such members, is vested in the city of San Diego.'' In the Gerth case the court held that members of the Board of Education of the City of Los Angeles were subject to the recall provisions of the city charter notwithstanding the boundaries of the school district over which the board exercised its management extended beyond the boundaries of the municipality; and that the voters residing in those portions of the district lying outside of the municipal boundaries were entitled to vote at such election. No sound reason has been advanced by respondents which in our judgment differentiates the present case from the two last mentioned.

Unlike the San Diego and Los Angeles charters, the Albany charter does not set forth a list of its ''municipal officers.'' Section 8 thereof is entitled ''Administrative Department,'' and then proceeds as follows: ''The administrative officers of the City of Albany shall consist of . . . '' etc. Included therein are those to be elected and appointed, and the members of the board of education are not enumerated therein. But the obvious reason for the omission is that as pointed out by the cases above cited, members of a city board of education are not administrative officers ''of the city.'' When elected they administer the affairs of a school district; and the school system is a state and not a municipal affair.

Nor in order to invoke the process of a recall election against the members of said board was it essential that specific authority to that effect be embodied in the charter. ■ As already shown, the recall provisions of the general law became part of the charter by virtue of the adoption of section 40 of the charter, and are therefore operative against the holder of any office elected by the voters of the municipality.

For the reasons above stated, it is ordered that a peremptory writ of mandate issue herein as prayed for in the petition.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied December 10, 1941, and petitioners' application for a hearing by the Supreme Court was denied December 29, 1941.