Walter B. BLUE, Appellant,

v.

The Mayor, Perry STOCKTON, and Donald Lowell, Rupert Kulin, Arthur Knight, Nevil Hodson, Gus A. Johnson and Herman Leirer, constituting the members of the City Council of the City of Seward, State of Alaska, Appellees.

No. 7.

Supreme Court of Alaska.

Sept. 9, 1960.

John P. Irvine and Bay Clark, Anchorage, for appellant.

Burton C. Biss, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Associate Justice.

The question for decision is whether a member of the school board of a city school district is an "elected public official of an incorporated municipality within the state"[1], and thus subject to the recall provisions of Chapter 121 S.L.A.1959.

In accordance with that statute, appellant obtained signatures on a petition requesting the Common Council of the City of Seward, Alaska, to order a special recall election for the purpose of removing from office four members of the city school board. The petitions were submitted to the Council in June 1959, but it refused to call an election.[2] The reason given was that the action

1. S.L.A.1959, ch. 121, § 1.

2. Section 14 of ch. 121, S.L.A.1959 provides: "When the clerk submits a sufficient recall petition to the council it shall forthwith cause a special election to be held within not less than thirty-five nor more than forty days after submission of the petition by the clerk."

requested was outside the jurisdiction of the city council because Chapter 121 did not apply to members of the school board.

The appellant then commenced in the district court an action in the nature of mandamus to compel the Seward council to call the election that had been requested. Upon appellant's motion, the court ordered the appellees to show cause why an order should not be made requiring them to meet and order a special recall election to be held in accordance with Chapter 121 and the petition that had been submitted by appellant. After a hearing the court filed and entered its brief memorandum opinion, finding that a member of a city school district board was not an elected public official of an incorporated municipality who could be recalled pursuant to Chapter 121, S.L.A.1959. From that decision this appeal has been taken.

Chapter 121 originated in the 1959 session of the Alaska legislature as Senate Bill No. 28. The title stated that the bill was designed to provide methods and grounds for recall of "all elected public officials in the state * * *." Other parts of the bill referred specifically to the terms: "city of the first class", "school board in a city of the first class", "political subdivision", "city", "town", and "school district."

This measure was amended in the Senate by committee substitute for Senate Bill No. 28, which later was enacted into law as Chapter 121. Here, rather than prescribing the procedure and grounds for a recall of "all" elective public officials, the scope of the bill was confined to the elected public officials of "incorporated municipalities within the state." Throughout the amended measure the words "municipal" and "munic-ipality" were used exclusively; there was no reference, as there had been in the original bill, to "city", "school board", "school district", etc.

This legislative history was not referred to by either party in the briefs. We refer to it because it might have been argued that the change made by the substitute measure evidenced a legislative intent to narrow the coverage of the original bill and confine the term "municipality" to its strict and primary meaning, as including only incorporated cities or towns but not other public corporations or political subdivisions of the state.[3]

However, the decision in this case does not depend upon the solution of the broad question of whether the term "incorporated municipality" was meant to include any public or political corporation exercising some function of government and having corporate powers.[4] It depends, rather, upon considerations arising from the basic nature of the particular type of school district that is involved here.

It is provided by statute that "Every city shall constitute a school district."[5] This means, practically, that the school district is the city with respect to public corporate status. The governing body of the city has the duty of providing the school district with suitable school houses and maintaining public schools therein.[6] The school board has no authority or obligation to levy taxes or to construct or equip school buildings.[7] The board has no power of local self-government, such as the authority to enact ordinances for the election of school board members; and hence such members are elected to office under ordinances pertaining to city elections.[8] A vacancy on the board may be filled by appointment by the city council, with the consent of the remaining

3. 1 McQuillan, Municipal Corporations § 2.07, at 453 (3rd ed. 1949); id. § 2.20, at 473.

4. See, e. g., Laret Investment Co. v. Dickmann, 1939, 345 Mo. 449, 134 S.W.2d 65, 68; Board of Park Commissioners of City of Marshalltown v. City of Marshalltown, 1953, 244 Iowa 844, 58 N.W. 2d 394, 400.

5. S.L.A.1951, ch. 51, § 1 [§ 37–3–32, A.C.L.A.Cum.Supp.1957].

6. S.L.A.1951, ch. 51, § 1 [§ 37–3–32 A.C. L.A.Cum.Supp.1957] and § 37–3–33, A.C. L.A.1949.

7. Section 37–3–33, A.C.L.A.1949.

8. Section 37–3–32, supra. And see Brand v. Common Council of Nome, 1906, 3 Alaska 29, 34–35.

members of the board.[9] Although the board has the sole discretion as to the expenditure of monies for school purposes, these funds come from the city treasury, and the board is obliged to submit to the city council detailed reports and statements of monies so expended. Furthermore, the treasurer of the board must provide a fidelity bond, the obligation of which runs to the city.[10]

 All of this shows clearly that a city school district is not a distinct entity, independent of a city. It depends for its existence upon the existence of the city. In fact, the school district and city are one and the same thing so far as corporate status is concerned. The only real distinction between the two is that the city's normal municipal affairs are regulated by a city council, the members of which are elected to office by the voters of the city; whereas, affairs relating to education in the city are managed by members of a school board who also are elected to office by the same voters.

It is true, as appellees point out, that the school system of the state is a matter of general concern and not solely a municipal affair. But it does not follow, as appellees argue that a city school board is therefore essentially a state agency and that its members are not municipal officers for any purpose. Under the legislative plan of education in Alaska, where no incorporated or independent school districts have been created, the city has been designated the municipal entity for administration of school affairs. The city school board performs this function on behalf of the city by operating schools within the municipal boundaries. In so doing the board acts as a branch or arm of the city government.[11]

It is logical, therefore, to conclude that a member of a city school board is an "elected public official of an incorporated municipality", within the meaning of Chapter 121,

S.L.A.1959, to the same extent as a city councilman, and thus is subject to the recall provisions contained in that statute.[12] The district court was in error in taking the opposite view, and its decision is reversed. This case is remanded to the Superior Court, Third District, for further proceedings in conformity with this opinion.

---

9. Section 37–3–32, supra.

10. Sections 37–3–33, –35, –36 A.C.L.A. 1949.

11. See State ex rel. Board of Education v. City of Racine, 1931, 205 Wis. 389, 236

N.W. 553, 554–555; City of Albany v. Lipsey, 1945, 199 Ga. 437, 34 S.E.2d 513.

12. See Akerman v. Moody, 1918, 38 Cal. App. 461, 176 P. 696; Becker v. Council of City of Albany, 1941, 47 Cal.App.2d 702, 118 P.2d 924, 926.