[S. F. No. 10250. In Bank.—December 6, 1922.]

## BOARD OF EDUCATION OF THE CITY OF SAN RAFAEL, Petitioner, v. JAMES B. DAVIDSON, as Superintendent of Schools, etc., Respondent.

[1] SCHOOLS AND SCHOOL DISTRICTS—CONTROLLING LAWS.—The organization and government of the public school system is a public matter and governed by the general laws of the state, and in case of conflict the general laws control.

[2] ID.—CITY OF SAN RAFAEL—CITY HIGH SCHOOL DISTRICT—ANNEXATION OF OUTLYING ELEMENTARY DISTRICTS—EFFECT OF.— Under the state school law as followed by the charter of the city of San Rafael, outlying and adjacent elementary school districts may be annexed to a city high school district for high school purposes, and the district so consolidated is to be under the government and control of the city board of education, and the annexed territory becomes part of the city for the purpose of electing such board.

APPLICATION for a Writ of Mandate to compel the calling of a school board election. Denied.

The facts are stated in the opinion of the court.

George H. Harlan for Petitioner.

Henry E. Greer for Respondent.

W. E. Duncan, Jr., J. Oscar Goldstein and John R. Robinson, *Amici Curiae.*

SLOANE, J.—The petitioner is seeking by writ of mandate to compel the defendant, the Superintendent of Schools of Marin County, to call an election to choose a school board for the government of the high school of the city of San Rafael, in said county.

Prior to 1912 San Rafael was a city of the fifth class and, with some outlying contiguous territory, constituted an elementary school district. Within this district a high school was organized and maintained, thereby constituting the district a city high school district under section 1721 of the Political Code, which provides that "any city school district which has been for a period of one year preceding the taking effect of this section established and maintained as a high school within such district shall be deemed to be and constitutes a city high school district."

Subsequently, under proceedings duly had for that purpose, the city of San Rafael adopted a municipal charter and thereafter organized and operated thereunder.

Such charter contains the following provisions relating to the organization and government of its public schools:

"Article XI. Section 1. The school department of the city of San Rafael shall comprise all the schools within the city of San Rafael, the San Rafael school district, and all territory that is now or may hereafter be annexed thereto for school purposes, which shall be known as 'San Rafael school district,' and which shall succeed to all the obligations, property, rights and privileges of the San Rafael school district. It shall consist of elementary and secondary schools as now established or that may hereafter be established, and may, at the discretion of the board of education, include technical, industrial, kindergarten and night schools; provided that no school money shall be used for technical, industrial or night schools or kindergarten when such use would prevent the board of education from maintaining elementary and secondary schools as provided by law.

"Section 2. All territory included within the limits of the San Rafael school district, or that may hereafter be included within such limits, but not within the city limits, shall be deemed a part of said city for the purpose of holding the general municipal elections, and shall constitute one or more separate election precincts, and the qualified electors therein shall vote only for members of the board of education and on questions submitted to a vote of the people at special or general elections pertaining to school matters; and said outside territory shall be deemed a part of said city for all matters connected with the school department.

"Section 6. The board of education shall have entire control and management of the public schools of the city in accordance with the constitution and general laws of the state, and is hereby vested with all the powers and charged with all the duties provided by this charter and by the general laws of the state for city boards of education."

It will be observed that these charter sections are general in their terms as applied to elementary or high schools and became applicable in their terms to all territory then included for high school purposes within the San Rafael school district, or which might thereafter be added thereto, and provided for participation of such annexed territory in the election of a board of education and gave to such board of education entire control of all public schools in accordance with the constitution and general laws of the state.

Thereafter, under a new section of the Political Code, section 1734b, relating to high school districts, and in accordance with the provisions of said section, the board of supervisors of Marin County annexed to said San Rafael school district, for high school purposes only, several outlying elementary school districts, and the San Rafael school district was, for high school purposes, enlarged so as to include within its exterior boundaries these outlying and independent elementary school districts, which were not a part of the San Rafael elementary school district, and for elementary school purposes at least, not within the jurisdiction and control of the city board of education of San Rafael.

The question here presented is whether the school board of the city of San Rafael continues to be the governing body of the high school district, as thus enlarged, or whether,

as contended by petitioner, a condition has arisen under which a separate high school board must be chosen under the state law, as contained in sections 1730, 1731 and 1732 of the Political Code. The only part of these sections important for immediate consideration is the following provision of section 1732, which reads as follows: "Whenever the number of school districts in a high school district is increased from one to two or more the superintendent of schools having jurisdiction of such high school district shall within fifteen days thereafter call an election as provided in section 1730, and thereafter the high school board shall be elected and organized as provided in sections 1730 and 1731." It is to this provision of law that petitioner appeals in this proceeding.

The answer is that the state school law apparently distinguishes between "high school districts in general and city high school districts." Section 1721 of the Political Code contains this provision: "Whenever the term high school district is used it shall, unless a contrary intent appears, be deemed to include 'union high school district,' joint union high school districts and county high school districts. Any city school district which has been for a period of one year preceding the taking effect of this section established and maintained as a high school within such district shall be deemed to be and constitute a city high school district." Section 1734a emphasizes this distinction as follows:

"Whenever an elementary school district is annexed under the provisions of this section in any high school district having the same boundaries as a single elementary school district, *except a city high school district,* such high school district shall thereafter constitute a union high school district, and shall be governed by a high school board elected according to the provisions of sections one thousand seven hundred thirty and one thousand seven hundred thirty-one of the Political Code. From and after the organization of the first high school board in any union high school district formed as hereinbefore provided, all property belonging to the original high school district, shall be and become the property of the union high school district so formed.

"Whenever one or more elementary school districts are annexed under the provisions of this act to a *city high school district,* such annexation shall be for high school purposes

only. Such territory shall be deemed a part of said city for the purpose of holding the general municipal election at which any member of the board of education is to be elected, and shall form one or more election precincts, as may be determined by the legislative authority of said city, the qualified electors of which shall vote only for the board of education, and such territory shall be deemed to be a part of said city or city high school district for all matters connected with the high school thereof. . . . " (The italics ours.)

The latter paragraph referring to annexations to a city high school district, it will be observed, contains the same general provisions relating to the participation of annexed territory in the election of members of the city board of education as do the charter provisions heretofore quoted. [1] It is, of course, well settled that the organization and government of the public school system is a public matter and governed by the general laws of the state (*Kennedy* v. *Miller*, 97 Cal. 429 [32 Pac. 558]), and that in case of conflict the general laws of the state control. In this case, however, no conflict exists between the state school law and the San Rafael city charter. The charter provisions by the inclusive terms used covering all grades of schools is applicable to the high school district as enlarged by annexation and makes the new territory part of the city of San Rafael for school purposes, the city board of education its governing body, and authorizes the participation of the annexed territory in the election of such board of education.

Another section of the Political Code, sec. 1729, relating to the annexation of a high school district to a city high school district indicates the same intent that under such a consolidation the city district shall maintain its identity, and the governing power vest in the city board of education, in the election of which the annexed territory may participate. It is there declared:

"After any such union high school district has been so annexed to, consolidated and merged with any such high school district of any incorporated city or town, such territory of said union high school district so merged and consolidated shall be deemed to be a part of said city or incorporated town for high school purposes and for all matters connected with the high school department thereof,

and for the purpose of assessing, levying and collecting property taxes for the high school funds of such city or incorporated town and for the purposes specified in sections one thousand eight hundred and eighty and one thousand eight hundred and eighty-eight, inclusive, of the Political Code.

"Whenever a union high school district shall be annexed to, consolidated and merged with a high school district of an incorporated city or town as hereinabove provided, the governing power and control of such union high school district shall thereafter be merged and vested in the board of education or board of school trustees of such incorporated city or town, . . . "

Our attention is called to the fact that section 1734a and section 1729 of the Political Code are directed to other methods of annexing outside territory to a city high school district than that provided by section 1734b, under which the annexation in this case was made, and that the latter section does not in terms make the city board of education the governing body of the enlarged district. On the other hand, it makes no other provision for the government of such district.

It is also suggested that under section 1734a the designation of the city board of education as the governing body of the enlarged district refers expressly to annexations under that particular procedure. We are of the opinion, however, that the various conditions under which such annexations are prescribed in these different sections are intended as parts of a uniform plan for the inclusion of outside territory in city high school districts, and should be construed together in arriving at the legislative intent as to the form of administration to be adopted in city high school districts as distinguished from districts in other county territory.

[2] We conclude, therefore, that under the state school law as followed by the charter of San Rafael it is contemplated that outlying and adjacent elementary school districts may be annexed to a city high school district for high school purposes, and that the district so consolidated is to be under the government and control of the city board of education, and the annexed territory becomes part of the city for the purpose of electing such board.

The difficulty presented here does not arise over the selection of the members of the board which shall govern the high school district but rather as to the representation accorded the elementary schools of San Rafael. As already pointed out, the high school is placed by both the charter and the state school law under the supervision of a board of education, in the selection of which all the residents of the high school district have a voice. The city elementary school district is made subject to the same board, the choice of which may be controlled by votes in territory entirely outside such district.

However, the management of the public schools is a state affair, and school districts at most are but a state agency for that purpose, and we know of no constitutional inhibition on the legislature to prevent the selection of city school boards for elementary schools by a different method than applies to county school districts. In any event, that question is not before us. On the point at issue it seems clear that the affairs of the San Rafael high school district are in the hands of the city board of education, and that the method of choosing that board is covered harmoniously by both the state school law and a valid provision of the city charter.

The writ prayed for is denied.

Shaw, C. J., Waste, J., Shurtleff, J., Lawlor, J., and Lennon, J., concurred.