[Civ. No. 2719.   Third Appellate District.—April 30, 1925.]

## CHESTER BROYLES, Respondent, v. A. H. MAHON et al., Appellants.

[1] SCHOOL LAW—ANNEXATION OF COMMON SCHOOL DISTRICTS TO CITY HIGH SCHOOL DISTRICT — CONSTITUTIONALITY OF SECTION 1734b, POLITICAL CODE.—Section 1734b of the Political Code, relating to the annexation of common school districts to a city high school district, is constitutional.

[2] ID.—DISTANCES BETWEEN DISTRICTS—JUDICIAL NOTICE BY BOARD OF SUPERVISORS—SECTION 1734b, POLITICAL CODE.—In the matter of annexation of common school districts to a city high school district under section 1734b of the Political Code, proof upon that provision of said section, stating "that no common school district shall be annexed unless the nearest point of such common school district lies within ten miles of a high school district," is not necessary, as the board of supervisors can take judicial notice of the distances.

[3] ID.—RECOMMENDATION OF ANNEXATION—PRESUMPTION—VOTING.— When each supervisor cast his vote in support of a resolution of annexation of common school districts to a high school district, which resolution stated he *had* recommended annexation, he must be presumed to have done so; in truth, by that affirmative vote he then and there was making the required recommendation.

---

1.  See 23 **Cal. Jur.** 48.

[4] ID. — FORM OF RECOMMENDATION. — No specified form of recommendation of annexation is required; it might be manifested orally or in writing or by a vote.

[5] ID.—RESOLUTION OF ANNEXATION—RECITALS.—A recital in a resolution of annexation of the recommendation voted upon by each supervisor carries in itself conclusive proof that he recommended the annexation.

(1) 35 Cyc., p. 850, n. 94.   (2) 11 C. J., p. 100, n. 77.   (3) 23 C. J., p. 83, n. 77, p. 88, n. 92, p. 109, n. 89; 35 Cyc., p. 849, n. 91 New.   (4) 35 Cyc., p. 849, n. 91 New.   (5) 4 C. J., p. 1075, n. 55; 35 Cyc., p. 849, n. 91 New.

APPEAL from a judgment of the Superior Court of Butte County.   J. O. Moncur, Judge Presiding.   Reversed.

The facts are stated in the opinion of the court.

William E. Rothe, District Attorney, Butte Co., and Clinton W. Johnson, Assistant District Attorney, Butte Co., for Appellants.

W. H. Carlin for Respondent.

McDANIEL, J., *pro tem.*—This is an appeal from the judgment of the superior court of the county of Butte and from an order denying a motion for new trial.   The hearing in the court below was upon a return to a bill of review directed to defendants.   Plaintiff sought to have annulled a certain resolution of the board of supervisors of the said county, adopted on the twenty-fourth day of August, 1921, purporting to annex certain named common school districts to the Chico high school district, under the provisions of section 1734b of the Political Code.

The findings omit a few items of fact, which, however, are shown by the return.   These omissions will be noticed later.   The names of the seventeen common school districts will be omitted from the copy of the findings following:

FINDINGS.

"The above proceedings came on regularly for trial before the court on the 12th day of May, 1922; W. H. Carlin and Davids and Snyder appeared as counsel for plaintiff, and J. R. Robinson, district attorney of the County of Butte, State of California, appeared as counsel for defendants; the

cause was tried by the court upon the petition or complaint of plaintiff and the return made by defendants to the alternative writ of *certiorari* issued by this court in said matter on the 6th day of May, 1922; and the cause was duly presented to the court and argued by respective counsel; and the court having duly considered the evidence and being fully advised in the premises, now finds the facts as follows:

I. "The defendants, A. H. Mahon, F. L. Roohr, C. E. Porter, H. W. White and James Craig during all the times in said complaint and herein mentioned were and now are the duly elected, qualified and acting supervisors and all five thereof are and during all the times herein mentioned did and now do constitute the board of supervisors of said County of Butte.

II. "The defendants George E. Canfield, E. B. Copeland, Thomas Crew, C. L. Stolp and Henria Compton now are and during all the times herein mentioned were the duly elected, qualified and acting members of the board of education and that during all the times in said complaint and herein mentioned did and now do constitute the board of education of Chico High School District in the County of Butte, State of California.

III. "The defendant Irvin Passmore during all the times in said complaint and herein mentioned was and now is the duly elected, qualified and acting county superintendent of schools in and for the County of Butte, State of California.

IV. "During all the times in this complaint and herein mentioned each and every of the following named school districts, (naming them) was a common school district duly and regularly organized, constituted and existing in the County of Butte, State of California.

"On the 24th day of August, 1921, said board of supervisors of said County of Butte pretending to act under the authority of section 1734b of the Political Code of the State of California, and not otherwise, did pass and adopt a certain resolution in words and figures following, to-wit:

"HEARING ON PROPOSED HIGH SCHOOL DISTRICT ANNEXATIONS.

"11:00 o'clock A. M. This being the time fixed for the hearing on the recommendations of the county superintendent of schools as to the various annexations of grammar school districts to the nearest high school district, the board now proceeds with the hearing.

"After due consideration of evidence presented to this board, and after recommendation of the county superintendent of schools, and also the recommendation of each supervisor in whose supervisorial district the following named school districts are situated, it is moved by Supervisor Porter, seconded by Supervisor White, that (certain named school districts) each be and they hereby are annexed to and made a part of the Chico high school district.

V. "Said defendants members of the board of education of said Chico high school, acting with and by the direction and approval of defendant Irvin Passmore, county superintendent of schools of said County of Butte, at the date of the filing of the complaint in this action were about to and intended to take action in connection with said resolution passed by said board of supervisors of said County of Butte and organize a high school district with the purpose and intent of having said board when organized exercise jurisdiction over, not only said Chico high school as the same existed prior to the 24th day of August, 1921, but also over the whole territory comprised by said Chico high school district and said above mentioned seventeen common school districts, and by the exercise of such jurisdiction cause taxes to be levied and assessed upon all land situate in all of said common school districts and collect such taxes from the owners of said lands to be thereafter expended in connection with the management and control of an alleged high school district which shall include not only said Chico high school but all of said seventeen common school districts aforesaid.

VI. "Plaintiff is a citizen of the United States, a resident of said Rock Creek school district in said County of Butte and owns real estate situate therein and the same is and at the date of the filing of said complaint was taxable for school purposes in said.district.

VII. "No evidence was introduced at said trial as to whether or not the nearest point of any of said common school districts was more than ten miles from said Chico high school district.

VIII. "Notwithstanding the recitals in the said return of the proceedings had by and before the board of supervisors of said County of Butte upon the passage of said resolution aforesaid, the record of the proceedings of said

board upon the passage of said resolution does not show that the supervisor of said County of Butte in whose district said common school districts above mentioned are located, recommended the annexation of any of said common school districts to said Chico high school district, except that it appears from said record that he with the other supervisors of said county voted for the passage of said resolution.

"As Conclusions of Law from the Foregoing Facts the Court Finds:

"That said board of supervisors were without jurisdiction to pass said resolution annexing said common school districts to said Chico high school district, and that said resolution purporting to annex said common school districts to said Chico high school district be annulled and set aside."

The amended return established several facts not referred to in the foregoing findings, the essential ones being that the board received the recommendation in writing of Irvin Passmore, county superintendent of schools of Butte County, dated August 5, 1921, marked Exhibit "A," recommending the annexation of the various school districts to the several high school districts therein named; that proof of publication of notice of the hearing, as provided in said section 1734b, was duly made; that thereafter the matter of the annexation of the said school districts, under the recommendation of the county superintendent of schools, and pursuant to said notice, came on regularly for hearing before said board on the twenty-fourth day of August, 1921, at 11 o'clock A. M., said board being then in regular session, and that at said time said matter was called for hearing before said board, all of said members of said board of supervisors were present at said hearing; and the votes for the adoption of the resolution were unanimously "aye"; that no sworn testimony was taken, but after consideration and discussion, said resolution of annexation was passed and adopted by said board, Exhibit "D," attached to and a part of the return, being a true copy of the minutes of said meeting on August 24, 1921, duly entered in the official minute-book.

Appellants claim that the trial court erred in the following particulars, to wit:

1. In deciding that the board of supervisors of Butte County did not have jurisdiction to annex common school districts to high school districts in accordance with the provisions of section 1734b of the Political Code, without proof that the districts so annexed were within less than ten miles of the high school district to which it was annexed.

2. In holding it was necessary to prove facts before the board of supervisors of which the board had judicial knowledge without proof.

3. In holding that said action of the board of supervisors was judicial. It is argued that the act of annexation was a legislative act and not reviewable by *certiorari*.

4. In not dismissing the writ.

Respondent, in support of the judgment of the lower court, attacks the constitutionality of section 1734b of the Political Code, basing his argument upon a claimed lack of due notice to the taxpayers; and, though pointing to no specific provision of the constitution violated, contends that section 1734b, under which the board of supervisors acted in the case at bar, in attempting to annex the several elementary school districts named in the record, is inconsistent and in conflict with other code sections and gave no authority to the board of supervisors to annex the districts to the Chico high school district, which was and is a city high school district.

He also contends that if Political Code section 1734b is constitutional, the board of supervisors, in its proceedings culminating in the adoption of the resolution of annexation, acted without or in excess of its jurisdiction, because no evidence was received by it to show that the several school districts are within the ten-mile limit specified in the statute, a jurisdictional omission or failure of proof which he deems fatal.

The court below held against respondent's attack upon the constitutionality of section 1734b.

The recent cases of *People* v. *San Bernardino High School Dist.*, 62 Cal. App. 67 [216 Pac. 959], *Board of Education San Rafael City* v. *Davidson*, 190 Cal. 162 [210 Pac. 961], *Antelope School Dist.* v. *McClellan*, 55 Cal. App. 244 [203 Pac. 147], seem to meet and overcome all the respondent's objections to said section 1734b, and to uphold its constitutionality.

In *People* v. *San Bernardino High School Dist., supra,* the constitutional questions are thus stated:

"It is contended that section 1734b of the Political Code is unconstitutional in the following respects:

"1. That it places the power of annexation in the hands of officials having no legislative authority;

"2. That it is special legislation in that it provides for annexation only to high school districts that are governed by an appointive school board;

"3. That it subjects annexed districts to taxation and local government without representation;

"4. That it subjects annexed districts to taxation for outstanding bonds of the high school district."

In *Board of Education* v. *Davidson, supra,* quoting from 190 Cal., page 167 (210 Pac. 963), it is said: "We conclude, therefore, that under the state school law, as followed by the charter of San Rafael, it is contemplated that outlying and adjacent school districts may be annexed to the city high school district for high school purposes, and that the district so consolidated is to be under the government and control of the city board of education, and the annexed territory becomes part of the city for the purpose of electing such board."

[1] We determine that the lower court was right in upholding the constitutionality of the said section 1734b.

Was the hearing upon writ of review in the lower court a proper proceeding to determine the question whether or not the board of supervisors acted without or in excess of its jurisdiction?

For the purposes of this discussion we believe the answer should be in the affirmative.

It may be conceded that the creation of the proposed Chico high school district, as it will be after the annexation of the common school districts, is a legislative act; but it appears to be the law that where the legislature delegates legislative power to a local board and provides that it can be exercised only upon certain conditions and upon the ascertainment of certain facts by such board, after notice and hearing to interested parties, the proceeding thus authorized is of a judicial character which may be reviewed by writ of review. (*Imperial Water Co.* v. *Supervisors,* 162 Cal. 14 [120 Pac. 780]; 4 Cal. Jur. 1074, and citations, note 19.)

In view of the conclusion we have formed upon the merits of the return and the findings of fact, it is unnecessary to examine with meticulous care this question as to the propriety of the proceeding under section 1068 of the Code of Civil Procedure in the court below.

There are two points which seem to have caused the trial court by its judgment to invalidate the resolution of annexation. They are indicated in findings VII and VIII.

[2] Paragraph VII refers to matters upon which the board of supervisors could make a determination without receiving testimony, because it can take judicial notice of its own orders, records, fixed geographical facts, such as boundaries of school districts established by its own orders or by the general law.

In *Anderson* v. *Board of Dental Examiners*, 27 Cal. App. 336 [109 Pac. 1006], we note this language: "It has been held that courts will take judicial notice of their records and officers." Citing many cases. "Judicial notice is based upon convenience and expediency and its application is not confined to courts of record. Thus it has been held, with respect to proceedings in a municipal court, instituted for the express purpose of enforcing municipal ordinances, invested with full jurisdiction for that purpose, that the ordinances are the peculiar law of the forum and the court is bound to take judicial notice of their existence.

"There are, in addition to courts, certain boards and special tribunals for determining certain classes of rights; and while they are not strictly courts, they partake of their nature, and their findings partake of the nature of judgments. The jurisdiction of such bodies rests upon the same basis as inferior courts; and they, too, may take judicial notice of certain matters. . . . Learning in the law is not one of the qualifications required of the members composing the board; and to hold under these circumstances that the board's investigations should be conducted according to technical legal rules would have the effect of impairing the successful performance of the duties for which that body was created." (Citing cases.)

Counsel for appellants cited numerous authorities upon this point on pages 4 and 5 of their opening brief.

As above indicated, we believe that finding VII is surplusage and may be disregarded if in fact it means to refer

to the hearing before the board of supervisors. If it refers to the hearing in the superior court, it is equally immaterial, because evidence in that court upon the question mentioned in the finding as to the ten-mile limit would have been inadmissible as *dehors* the record. (*Hoffman* v. *Superior Court*, 79 Cal. 475 [21 Pac. 862]; *Borchard* v. *Board of Supervisors*, 144 Cal. 10 [77 Pac. 708].)

It is apparent, therefore, that error occurred if the finding indicates it to be the lower court's view that proof was requisite upon that provision of section 1734b, stating "that no common school district shall be annexed unless the nearest point of such common school district lies within ten miles of a high school district," because the board could, and no doubt did, take judicial notice of the distances.

Upon the second proposition also we are satisfied error occurred which culminated in wrong conclusions and judgment.

Finding VIII is peculiar in form and statement in the part which is negative and precedes the exception contained in the final clause. That negation in the finding appears, inferentially, to have been given much weight by the court, which in our opinion was not warranted. Not only does an examination of the minutes disclose (see page 100 of the transcript) that, prior to the adoption of the resolution, a full discussion and consideration of the features and requirements of the section were had by the board of supervisors and that, consequently, the finding is inaccurate and unsupported by the evidence as to that first clause, but its implication of a failure of proof upon a material prerequisite to the act of annexation is wrong; and the error is reflected in the judgment of annulment.

The exception in the second clause of the finding embodies the only matter of weight or substance in it, and, in effect, is contradictory of the first, overcoming the implication and inaccuracy, or, at least, revealing an inconsistency between the two clauses.

[3] When each supervisor cast his vote in support of the resolution which stated he *had* recommended annexation, he must be presumed to have done so. In truth, by that affirmative vote he then and there was making the required recommendation. [4] There is no specified form of recom-

mendation required. It might be manifested orally or in writing or by a vote.

[5] It will be noted that the resolution itself recited as follows: "After due consideration of evidence presented to this board, and after recommendation of the county superintendent of schools, and also the recommendation of each supervisor in whose supervisorial district the following named school districts are situated, it is moved by Supervisor Porter, seconded by Supervisor White, that," etc. (naming the said respective school districts), "each be and they are hereby annexed to and made a part of the Chico high school district." The record of the vote shows the affirmative vote of all five supervisors.

This recital of the recommendation voted upon by each supervisor carries in itself conclusive proof that he recommended the annexation. This is too clear to require further argument or citation of authorities.

We are of opinion, therefore, that the court's finding did not include a correct finding upon some of the material facts and omitted others, which, however, are shown by the return and stand undisputed.

We determine as follows: 1. That section 1734b of the Political Code is constitutional in all respects;

2. That every step required thereby of the board of supervisors in these matters of annexation of school districts was taken:

a. The county superintendent of schools made his recommendation in writing to the board of supervisors for annexation;

b. August 24, 1921, at 11 o'clock A. M., was fixed as the time for the hearing by said board of the matter of said annexation, and notice was ordered to be published;

c. That due notice to all parties interested was published at least once a week for two successive weeks in a newspaper of general circulation published in the county; that such notice stated the time when and the place where the board of supervisors was to act and gave the names of the common school districts to be affected by the action of the board (see page 113 et seq. of transcript, down to and including page 116);

d. That a hearing on said August 24, 1921, was duly and regularly held before said board of supervisors;

e. That said resolution hereinbefore set out was duly and regularly adopted, after full consideration and determination of all jurisdictional matters.

It follows that the proceedings before the board of supervisors in all respects were regular and valid and that the judgment of said superior court declaring them canceled and invalid should be reversed.

The motion for a new trial was not argued nor pressed in this appeal. No ruling thereon need be made.

The judgment is reversed, with instructions to the superior court to dismiss the writ of review.

Plummer, J., and Finch, P. J., concurred.