[S. F. No. 13281. In Bank.—July 31, 1929.]

HENRY WHEATLEY, etc., Petitioner, v. THE SUPERIOR COURT OF NAPA COUNTY èt al., Respondents.

Casper A. Ornbaum, Charles A. Strong, Hale McCowan, Jr., Charles M. Mannon and Edward S. Bell for Petitioner.

George H. Harlan, U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy Attorney-General, for Respondents.

John J. O'Toole, Hart H. North and Edson Abel, *Amici Curiae.*

LANGDON, J.—This matter comes to us upon a petition for a writ of review to determine the legality of the findings and judgment and other proceedings leading up to the formation of the proposed Golden Gate Bridge and Highway District, which matter has been determined by the defendant Superior Court contrary to the contentions of petitioner.

Petitioner is a resident, freeholder, taxpayer and elector of the county of Napa, California, and as such filed a protest against the formation of the proposed Golden Gate Bridge and Highway District and the inclusion of his lands within said district.

The proceedings under attack here were had under the authority of an act of the legislature passed in 1923 and entitled: "An Act to provide for the incorporation and organization and management of bridge and highway districts and to provide for the acquisition and construction by said districts of bridges and approaches thereto, and for the acquisition of all property necessary therefor, and also to provide for the issuance and payment of bonds by said districts, for the levying of taxes and the collection of tolls by said districts and for the annexation of additional territory thereto." (Stats. 1923, p. 452.)

In 1925 said act was amended so as to provide for the acquisition and construction of highways by the corporation to be formed under the act and in other particulars hereinafter mentioned. (Stats. 1925, p. 714.)

After the passage of the act of 1923, the proceedings herein discussed were instituted in an attempt to form a bridge and highway district. A voluntary organization sent a written application to the boards of supervisors of the counties of Del Norte, Humboldt, Mendocino, Lake, Napa, Sonoma, Marin and the city and county of San Francisco, to pass a uniform ordinance, therewith submitted. The uniform ordinance provided that the county therein named desired to join with the others above mentioned in forming a bridge and highway district to embrace contiguous territory under the provisions of chapter 228, page 452, of the Statutes of

1923; it directed that a petition be circulated in the county in accordance with the provisions of said act and that the ordinance should be published in a manner prescribed. This uniform ordinance was passed by six only of the counties mentioned, to wit: Sonoma, Mendocino, Marin, Napa, Del Norte and the city and county of San Francisco. Petitions to the Secretary of State were circulated accordingly and signed by ten per centum of the number of qualified electors of each county from which the petitions were presented who voted for Governor of the state at the last general election. The counties of Humboldt and Lake refused to act upon the application and no such ordinance was passed by them nor petition circulated. After the passage of these ordinances and the signing of the petitions the legislature amended the act governing the formation of bridge and highway districts at its session in 1925 in the particular hereinbefore stated and in other particulars with reference to the representation allowed to the various counties forming the district, and also with reference to the necessity for the district being formed from contiguous territory and in some other particulars not important to be mentioned here.

Subsequently the Secretary of State published a notice in each of the six counties fixing a time within which the protests would be received and filed by the owners of property within the proposed bridge and highway district.

Petitioner herein objects to the sufficiency of this notice, contending that it violates the petitioner's constitutional rights in that it does not appear therein nor can it be ascertained from said notice what project or improvement is contemplated by reason of the formation of said proposed bridge and highway districts; that said notice fails to state what bridge or bridges are to be acquired or constructed, or where said bridge or bridges and the approaches thereto are to be constructed, and that it fails to give notice of what highway or highways are to be constructed and that there is nothing in said notice to enable petitioner and other taxpayers to determine whether their property will be benefited by the formation of said district or to determine whether said district should be formed.

The question of notice to taxpayers in this proceeding was considered by this court in the case of *Doyle* v. *Jordan*, 200 Cal. 170 [252 Pac. 577], and it was therein stated that noth-

ing in the act under consideration provides that the project for which it is proposed to form the district shall be set forth in any particular or specified manner or shall be described or contained in any particular or specified document or instrument which may form a part of the proceedings taken for the incorporation of the district, and that the act merely provides that the project for which the district is formed should be definitely designated somewhere in the proceedings in order, at least, that the board of directors of the district might know the extent and the limits to which they might proceed after the organization of said district. The steps taken in the formation of the district are then discussed in *Doyle* v. *Jordan, supra,* and it is concluded that they meet the requirements of the statute. There are no facts presented in the instant proceeding which make the language of *Doyle* v. *Jordan, supra,* inapplicable here.

■ It is next contended that the Superior Court was without jurisdiction to act since the statute under which the district was sought to be formed violated section 1, articles III and IV, of the constitution of California, in delegating legislative powers to a judicial or administrative officer, in providing that at the time specified in the notice the Superior Court shall have jurisdiction to hear and determine all matters urged by the protestants against the formation of the said proposed bridge and highway district or against the inclusion of their lands therein, and the said Superior Court shall have jurisdiction to exclude the said lands from said proposed districts, etc.

It has been repeatedly held that the functions of an officer or board in inquiring into the inclusion or exclusion of territory within the boundaries of similar districts are purely judicial in their nature. (*Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 Pac. 780]; *Miller & Lux* v. *Board of Supervisors,* 189 Cal. 254 [208 Pac. 304]; *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112 [41 L. Ed. 369, 17 Sup. Ct. Rep. 56]; *Spring Valley Water Works* v. *Schottler,* 110 U. S. 347, 354 [28 L. Ed. 173, 4 Sup. Ct. Rep. 48].)

■ The third point raised by petitioner is that any attempt to form a bridge and highway district under the Statute of 1923, as amended in 1925, is a violation of section 10, article I, of the constitution of the United States,

in that the petitions signed by the electors of Napa County and the ordinance passed by the board of supervisors of said county provided for a bridge and highway district under the Statute of 1923 and the Statute of 1925 amending the former one, materially changes the conditions under which the said board of supervisors and the said electors of the said county offered to enter said district. This objection is made upon the basis of petitioner's argument that a bridge and highway district to be formed under the act is not a public and *quasi*-municipal corporation, for if it be a public and *quasi*-municipal corporation the terms upon which it was formed do not constitute a contract between the state and those within the district. (*Johnson* v. *San Diego*, 109 Cal. 468 [30 L. R. A. 178, 42 Pac. 249].)

We think the corporate structure under consideration here is analogous to a municipal water district, a public utility district, a municipal utility district and a metropolitan water district. The procedure for the formation and the operation of them all is strikingly similar. These various districts have been held valid as public and *quasi*-municipal corporations or districts and the statutes under which they have been formed have been upheld in the following cases: *Henshaw* v. *Foster*, 176 Cal. 507 [169 Pac. 82]; *In re Orosi Public Utility Dist.*, 196 Cal. 43 [235 Pac. 1004]; *In re East Bay Utility Dist.*, 196 Cal. 725 [239 Pac. 38]; *City of Pasadena* v. *Chamberlain*, 204 Cal. 653 [269 Pac. 630]. In *Doyle* v. *Jordan, supra,* the statute under which the bridge and highway district was formed was classed with the statutes involved in the cases above cited and its validity sustained upon the authority of such cases. We think this is a public and *quasi*-municipal corporation within the rule of cases cited. (*Johnson* v. *San Diego, supra.*)

In a brief filed by the California Farm Bureau Federation and others in support of the petition for a writ of review, it is urged that the act under consideration presents certain unconstitutional features with reference to its provisions for taxation, and we are asked to decide that question here. We think such a problem is not presented at this time. In the case of *Doyle* v. *Jordan, supra,* it is expressly stated that, regardless of the validity of the taxing provisions of the act, the district, when formed, may become a valid and constitutional agency of the state and that if the directors

thereof have been given any unlawful powers, in a proper proceeding, when they attempt to exercise them, such exercise will be controlled or prevented by the courts. As in the case of *Doyle* v. *Jordan, supra,* we are herein concerned only with the proceedings incorporating the district.

The proceedings are affirmed.

Curtis, J., Richards, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.