[S. F. No. 13595. In Bank.—January 13, 1930.]

W. R. MOORE, Appellant, v. D. C. THORNBURG et al., as BOARD OF DIRECTORS OF TURLOCK IRRIGATION DISTRICT, etc., et al., Respondents.

658

Nathan B. McVay and Hu Jones for Appellant.

Thomas C. Boone and Griffin & Boone for Respondents.

Hankins & Hankins, A. L. Cowell and Charles L. Childers, *Amici Curiae* for Irrigation District Association of California and Woodbridge Irrigation District.

PRESTON, J.—Petitioner, a taxpayer, procured an original writ of review in this court directed to respondents, having for its object a declaration by this court that the organization within the Turlock Irrigation District of a subordinate body, under the statute of 1927 (Stats. 1927, chap. 748, p. 1415), known as Improvement District No. 1, was an illegal and void proceeding. Admittedly respondents complied with the requirements of the statute in the organization of this subordinate district. The attack upon the proceedings is confined solely to the contention that the above-mentioned statute is invalid and void.

The title of said act is as follows: "An act to provide for the organization and creation of improvement districts within irrigation districts organized under the 'California Irrigation District Act'; to provide for the construction of improvements therein, and for the levy of assessments on the lands of such improvement districts." Section 1 permits two-thirds in number of the holders of title to any tract

or contiguous tracts situate within the irrigation district and susceptible of irrigation through laterals, ditches and pipes for irrigation, separate and apart from the main irrigation system of said irrigation district, to petition the board of directors of such district for the organization of an improvement district and to levy an assessment for the payment thereof. Section 2 of the act defines the nature and contents of the petition. Section 3 provides the plans and specifications, estimate and proposed assessment. Section 4 provides for the giving of notice. Section 5 provides for hearing and determination of objections to said petition and the formation of said district and proposed assessments and confers power upon the board to change the boundaries of said district. It further provides that in the event that more than one-third in number of the owners in said proposed district shall object, the application for the formation of such district shall be denied altogether by the board. Section 6 provides for the final order establishing the district and levying said assessment according to benefits and providing for a lien upon the land for payment thereof. Section 7 provides for the issuance of warrants for the amount of the assessment and for payment thereof out of funds derived from the levy and collection thereof. Section 8 provides for the manner of doing the work, the cost thereof to be paid only out of said assessment on the lands in the improvement district. Section 9 provides for additional assessments in case of insufficiency. Section 10 provides that the directors and officers of the district shall have the same powers concerning the improvement district that they possess respecting the irrigation district, including the right of said district to condemn lands and to acquire, own and hold property within said improvement district.

The contention that the title to the act violates article IV, section 24, of the Constitution is without merit and requires no discussion.

The further contention that the word "improvement" found in the title to said act is so broad as to define nothing and so come within the rule announced in *Lewis* v. *Dunne*, 134 Cal. 291 [86 Am. St. Rep. 257, 55 L. R. A. 833, 66 Pac. 478], is likewise without merit. It is manifest that the improvement district may carry on only such improvements as the prior organization might undertake.

█ The claim that the section providing for the hearing of objections before formation of the district gives the board no power to pass on the objections is totally without merit as this power would be implied were it not expressly given.

█ The contention that the improvement made in such district is purely for the benefit of private parties is also without merit as under the Constitution and statutes of this state the use of water in the manner provided is a public one.

Petitioner makes several other objections, but they are, if anything, less meritorious than the ones noted above. He cites little, if any, authority to sustain his contentions and it is hard to believe that any great number of them are urged with confidence. It may be noted in passing that we have considered all the objections made by him and find no merit in any of them. Moreover, all of said questions have been expressly or inferentially decided adversely to him in such cases as *Tarpey* v. *McClure*, 190 Cal. 593 [213 Pac. 983], *Palo Verde Irr. Dist.* v. *Seeley*, 198 Cal. 477 [245 Pac. 1092], and *Wheatley* v. *Superior Court*, 207 Cal. 722 [279 Pac. 989].

Manifestly, this act was passed with the design to create elasticity in the government of irrigation districts so that special improvements independent of the general plan of improvement of the district might be made therein and the burden thereof rest solely upon the shoulders of those benefited thereby.

The writ is discharged and the petition denied.

Curtis, J., Waste, C. J., Richards, J., and Seawell, J., concurred.

Shenk, J., and Langdon, J., deeming themselves disqualified, did not participate in the foregoing decision.