[S. F. No: 14743. In Bank.—August 4, 1932.]

WELBURN MAYOCK, Petitioner, v. W. M. KERR, as Registrar of Voters, etc., Respondent.

Welburn Mayock, *in pro. per.*, Leslie H. Kranz, Harry A. Goldman, Hugh E. Macbeth, Rosalind Goodrich Bates, Reeves Aylmore, H. Ross Hubbard, M. Mitchell Bourquin, Leo R. Friedman and Thomas M. Foley for Petitioner.

Everett W. Mattoon, County Counsel, for Respondent.

THE COURT.—Petitioner seeks by writ of mandate to compel the respondent as Registrar of Voters of Los Angeles County to accept for filing and certification certain sections of a petition seeking to place upon the ballot at the next general election an initiative measure relating to the foreclosure of mortgages and trust deeds. The respondent refuses to accept the petition or to certify the names thereon, for the reason that there does not appear on the petition the precinct numbers of the respective signers thereof. It is the contention of petitioner that the duty of affixing the precinct numbers rests upon the Registrar of Voters and not upon the signers or proponents of the petition. Respondent contends that the duty to affix such precinct numbers does not rest upon him, and that he cannot be compelled to certify any names unless such precinct numbers appear on the petition. It should be noted that the respondent has offered to the proponents of the petition a reasonable time within which to place the precinct numbers thereon.

██ We are of the opinion that the respondent has properly refused to examine the petition and to certify the names thereon, when such precinct numbers do not appear on the face of the petition. The Constitution expressly provides in reference to referendum and initiative petitions (art. IV, sec. 1) that "each signer shall add to his signature his place of residence, giving the street and number if such exist. *His election precinct shall also appear on the paper after his name.* . . . This section is self-executing, but legislation may be enacted to facilitate its operation, but in no way limiting or restricting either the provisions of this section or the powers herein reserved." Thus the Constitution itself provides that the precinct numbers must appear on the petition, and this must necessarily mean that such precinct numbers must appear on the petition at the time the petition is presented to the Registrar of Voters. Inasmuch as the Constitution plainly requires this information to appear on the petition it is needless to speculate as to why the framers of the Constitution saw fit to insert this limitation on the exercise of the right. The provision was probably inserted as a mechanical aid to the Registrar of Voters in investigating, identifying and verifying the persons and signatures of the purported signers. (See *Osborn* v. *Board of Supervisors*, 27 Cal. App. 85 [148 Pac. 970]; *Ley* v. *Dominguez*, 212 Cal. 587 [299 Pac. 713].)

It should be noted that the construction or constitutionality of section 1083a of the Political Code, as amended in 1931, is not involved in this proceeding. That section provides in part, "Such signer, shall at the time of so signing such petition or paper affix thereto the precinct, also the date of such signing." In the instant case the respondent does not contend that the signers of the petition must insert the precinct numbers, but simply contends that such precinct numbers must appear on the petitions before he can be compelled to certify the names. Respondent expressly concedes that if such precinct numbers are inserted by the proponents or the signers he will proceed with the examination of the petitions. We are of the opinion that regardless of the provisions of section 1083a of the Political Code, since the constitutional provision above quoted is self-executing, the Registrar was justified in refusing to accept the petitions until the precinct numbers appear thereon.

Petitioner relies on the case of *Ley* v. *Dominguez, supra,* involving a provision of the city charter of the city of Los Angeles. In that case it was held that the omission of the precinct numbers did not justify the city clerk in refusing to accept certain petitions. That case is not controlling here for several reasons. All that was involved in that case was a city charter provision. The constitutional provision above quoted was not involved. Moreover, in that case the proponents offered to supply the precinct numbers, but the city clerk declined to permit them to do so. In the instant case the proponents have refused to affix the precinct numbers to the petitions.

Petitioner also refers to and relies upon the minute order of this court of July 8, 1932, in the case of *Burke* v. *Backs,* L. A. No. 13783, which involved the same point involved in the instant case, and in that case a peremptory writ of mandate was issued directing the proper officer of Orange County to file the petitions. However, as the minute order discloses, the respondent in that case failed to make an appearance and in no way contested the petition. Under those circumstances the court issued the writ based upon the *prima facie* showing of petitioner. Upon a proper presentation in the instant case, however, we are of the opinion the writ should not issue.

The alternative writ is discharged and the prayer for a peremptory writ is denied.