[S. F. No. 15145. In Bank.—July 3, 1934.]

OTTO A. GERTH et al., Petitioners, v. ROBERT DOMINGUEZ, City Clerk, etc., Respondent.

Otto A. Gerth, *in pro. per.,* and Roy A. Linn for Petitioners.

Ray L. Chesebro, City Attorney, and Frederick von Schrader and William H. Neal, Assistants City Attorney, for Respondent.

Ralph G. Lindstrom, Macfarlane, Schaefer, Haun & Mulford, Hulme, Hastings & Bartlett, Marshall Stimson and Louis W. Myers, as *Amici Curiae* on Behalf of Respondent.

THE COURT.—This is a petition for a writ of mandate to compel respondent, Clerk of the City of Los Angeles,

to count in favor of a recall the names of certain electors signed to recall petitions. The parties have stipulated to the facts, and questions of law alone are presented.

Under the provisions of the School Code, the board of education of the city of Los Angeles is the governing body of three school districts, the boundaries of which extend beyond the city. The Los Angeles City School District, for elementary schools, includes the city and several other municipalities, together with some unincorporated territory. The Los Angeles City High School District includes all of the territory of the elementary school district, and additional incorporated cities and unincorporated territory. The Los Angeles City Junior College District has the same boundaries as the high school district, and these are about twice the size of the city itself. It is further provided in the School Code that any such annexed territory shall be deemed a part of the city for the purpose of holding a general municipal election at which any member of the board of education is to be elected (sec. 2.471) ; that the members of such a city board of education shall be elected at large from the territory within the boundaries of the districts under the jurisdiction of the board (sec. 2.971) ; and that all qualified electors in a school district, ''whether residing within or without the boundaries of the incorporated city or town, shall be entitled to vote for members of the board of education at any election held for that purpose'' (sec. 2.55).

Pursuant to these statutory provisions, members of the city board of education were elected by voters throughout the district on May 5, 1931. On April 2, 1934, petitions were filed seeking the recall of three members of the board. The petitions followed the procedure set forth in the Los Angeles city charter (art. XXVII, sec. 290 et seq.). A total of 96,567 names was subscribed. A few thousand names were rejected for various irregularities, but the remaining signatures would be ample in number, were it not for the position taken by respondent on the validity of two classes: (1) those of electors residing in the district but outside the city, and those obtained by circulators who were not residents of the city but were residents of the district; (2) those in which the precinct numbers were incorrectly designated.

The chief question is whether the electors of the district have the right to recall members of the city school board. Respondent relies upon the city charter, which provides that circulators shall be qualified electors of the city (sec. 290) and that at the recall election the question shall be submitted to the electors of the city. (Sec. 290 [c].) *Amici curiae* appearing on behalf of respondent contend that there is, under the existing constitutional, statutory and charter provisions, no procedure at all for the recall of members of the city board of education. They reach this conclusion by pointing out that the charter provisions on recall in terms apply only to the city of Los Angeles, but that to restrict the right of recall to electors of the city would deprive residents of the district outside the city of constitutional rights. Respondent also urges the unfairness of placing the entire expense of conducting the election upon the city.

In our opinion, there is a sufficient statutory basis for the right claimed by petitioners. ▪ It is settled in this state that the school system is a matter of general concern, and not a municipal affair. Consequently, the School Code governs, and charter provisions must be interpreted in conformity therewith. (See *Kennedy* v. *Miller*, 97 Cal. 429 [32 Pac. 558]; *Hancock* v. *Board of Education*, 140 Cal. 554 [74 Pac. 44]; *Los Angeles City School District* v. *Longden*, 148 Cal. 380 [83 Pac. 246]; *Board of Education* v. *Davidson*, 190 Cal. 162 [210 Pac. 961]; *Whitmore* v. *Brown*, 207 Cal. 473 [279 Pac. 447]; *Esberg* v. *Badaracco*, 202 Cal. 110 [259 Pac. 730].) ▪ Since the legislature has, by express language in the School Code, declared that residents of the district but outside the city may vote at the *election* of members of the city board, this right is established beyond question. If the charter were construed to deny or abridge it, the charter provisions would be void by reason of conflict with the state law.

▪ The School Code contains no express statement on the right of *recall* in this situation. But it does contain sections which, reasonably construed, protect the right. One, to which reference has already been made, provides that the annexed territory "shall be deemed a part of the city for the purpose of holding the general municipal election". (Sec. 2.471; see, also, sections 2.113, 2.114, 2.470, 2.472.)

Another provides that in cases where the electors of a school district have voted at a school election under a city charter, under the circumstances present here, "then the electors of such school district shall be deemed to have submitted to be governed in all matters relating to the management of public schools within such school district or high school district as fully and to all intents and purposes as though the electors of such school district or high school district had by their votes elected to be governed by the provisions of such charter". (Sec. 2.54; see, also, section 2.50.)

We see no reason why the recall provisions of the Los Angeles charter, applicable to the members of the board of education, may not be deemed a matter relating to the management of the public schools; and if they are, then the electors of the district residing outside the city have subjected themselves to these provisions, and are entitled to avail themselves of them. This conclusion avoids the extraordinary results which would follow from a failure to give the above-quoted section this broad construction: either a right of recall limited to the electors resident in Los Angeles, an unwarranted and no doubt an unconstitutional discrimination against residents of the district outside the city; or an immunity of such boards of education from any recall. We cannot ascribe to the legislature the intention to create either of these conditions, and we believe that the manner in which we have resolved the uncertainties is in accord with the general legislative purpose in establishing these peculiar districts governed by city boards of education.

The case of *Ackerman* v. *Moody,* 38 Cal. App. 461 [176 Pac. 696], contains the brief statement that the right to recall members of the board of education of the city of San Diego is, equally with the right to elect them, vested in the city. It does not appear from the opinion that any attempt was made to deny the right to persons in the annexed territory within the district, the sole point at issue being whether the members of the board were subject to recall at all. (See *Ward* v. *San Diego School District,* 203 Cal. 712, 716 [265 Pac. 821].) The Ackerman case is not an obstacle to the conclusion we have reached.

It follows that the signatures of electors residing in the district, though outside the city, were proper; and it is equally clear that no valid objection can be made to sig-

natures secured by circulators residing in the district though outside the city.

■ With respect to the precinct numbers, we think that the action of respondent was justified. The charter requires the numbers, as an aid to checking signatures, and the difficulties involved in searching the alphabetical register of voters to check names having incorrect precinct numbers are numerous. There is no reason why this added expense should be cast upon the city. It is true that in *Ley* v. *Dominguez*, 212 Cal. 587 [299 Pac. 713], we pointed out that the failure to designate correct precinct numbers did not invalidate the signatures. However, the proponents of the petition in that case offered to supply the correct numbers and were refused permission to do so. ■ In the instant case, respondent called the errors to the attention of the sponsors, and offered them the opportunity to correct them, which they failed to do. This brings the case within the views expressed by us in *Mayock* v. *Kerr*, 216 Cal. 171 [13 Pac. (2d) 717], and in consonance with that decision, we hold that the names may be considered if and when the correct numbers are furnished by the sponsors of the petition.

It is therefore ordered that a writ of mandate issue requiring the City Clerk of the City of Los Angeles to count in favor of the recall all names signed by qualified electors of the Los Angeles City High School District, including both qualified electors of the city and qualified electors of the territory in the district, but outside the boundaries of the city; and to count also in favor of said recall the names of all electors otherwise qualified, appearing on petitions circulated by qualified electors residing in the district, but outside the boundaries of the city; and to permit a reasonable time for the furnishing of correct precinct numbers by the sponsors of the recall for any names with incorrect or no precinct numbers, if requested by such sponsors; and thereafter to certify to the city council of the city of Los Angeles the result of his examination of the sufficiency of the petitions.

Rehearing denied.

Shenk, J., dissented.