[L. A. No. 14950.  In Bank.—December 26, 1934.]

THE PEOPLE ex rel. KENNETH C. DAVIDSON et al., Respondents, v. STEWART O. MERTZ, Appellant.

Otto A. Gerth and Roy A. Linn for Appellant.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, John J. Beck and David R. Faries for Respondents.

THE COURT.—This is a proceeding in the nature of *quo warranto*, challenging the validity of defendant's position as a member of the board of education of the city of Los Angeles. Defendant was elected June 6, 1933, at an election held within the Los Angeles City High School District, took office, and acted as a member of the board until this action was filed on June 29, 1933. Section 307 of the charter of the city provides that no person shall be eligible for said office unless he has been a resident of the city for at least two years preceding his nomination or election. Defendant had not resided within the city for this period, but had, for more than five years prior to his election, resided within the Los Angeles School District. On motion by plaintiffs, the lower court gave judgment on the pleadings, declaring that defendant was ineligible and disqualified from acting as a member of the board, and declared the office vacant, for lack of compliance with the charter requirement.

The situation presented here is in substance the same as that considered by this court in *Gerth* v. *Dominguez,* 1 Cal. (2d) 239 [34 Pac. (2d) 135]. As pointed out in that decision, the various school districts under the supervision of the Los Angeles city board of education extend beyond the boundaries of the city, and are by the provisions of the School Code annexed to and deemed a part of the city for the purpose of electing members of the board. (See School Code, sec. 2.471.) Hence we held that the right to vote at such an election, expressly given by the School Code, and the right to vote at a recall election, impliedly recognized therein, were safeguarded to residents

of the districts, though they lived outside the city limits; and provisions of the city charter purporting to deny these rights were held ineffective because in conflict with the general law. ▮ Fundamentally the decision rested upon the settled doctrine that the school system is not a municipal affair, but a matter of general concern, upon which the state law is supreme.

▮ Section 2.971 of the School Code provides that the members of any elective city board of education "shall be elected at large from the territory within the boundaries of the school district or districts which are under the jurisdiction of said city board of education". Section 58 of the Political Code provides that "every elector is eligible to the office for which he is an elector, except where otherwise specially provided . . . ". Under the principles declared in the Gerth case, *supra,* these sections establish the eligibility of defendant to the office in question, despite the conflicting provisions of the city charter.

The judgment is reversed.

Rehearing denied.