[Civ. No. 16820.   First Dist., Div. Two.   Oct. 8, 1956.]

R. M. PEART et al., Appellants, v. THE BOARD OF SU-
PERVISORS OF THE COUNTY OF SANTA CLARA
etc. et al., Respondents.

Burnett, Burnett & Somers for Appellants.

Spencer M. Williams, County Counsel, and John R. Kennedy, Deputy County Counsel, for Respondents.

DRAPER, J. pro tem.*—Appellants and other owners of land in unincorporated territory of Santa Clara County filed a petition with the board of supervisors of that county for the incorporation of a new city to be known as the city of South San Jose. It is conceded that the petition complied with the statutory provisions for organization of new cities. (Gov. Code, §§ 34300-34332.) After hearings upon the petition, respondent board excluded from the proposed city much of the land described in the petition for incorporation, with the result that the boundaries of the proposed city included less than the required 500 inhabitants. The board then refused to call an election upon the issue of incorporation because of this deficiency in population.

Petitioners brought this proceeding in mandamus, alleging that the exclusionary act of the board was arbitrary, and seeking a peremptory writ "annulling said acts of the Board

*Assigned by Chairman of Judicial Council.

of Supervisors, and having the boundaries of the proposed City of South San Jose, as described in the petition for incorporation, filed with the Board of Supervisors; and ordering the Board of Supervisors to call an election . . .'' Respondents answered, denying the allegations of arbitrary and capricious action, and moved for judgment on the pleadings. The trial court filed a memorandum opinion expressing its view that the board's action could be reviewed only if it were fraudulent or corrupt, granted petitioners leave to amend their petition, and ordered that if there were no amendment the motion for judgment be granted. Petitioners declined to amend and judgment for respondents on the pleadings was ordered. Petitioners appeal. The parties agree that the issue of the sufficiency of the petition is properly before us.

Appellants rely upon general statements in several decisions that the acts of the board in creating districts are judicial in character, and thus are subject to review by the courts. Respondents reply that these cases are distinguishable in that they deal with districts, rather than cities (an argument which we reject as too narrow), and rely upon general statements in a number of cases that the board's determinations, in creating cities or districts, are legislative in character, and thus are beyond the control of the courts. In our view, the claimed conflict in the two lines of cases cited is more apparent than real, and is fully resolved by a careful study of the acts sought to be reviewed and the statutes under which the several subordinate legislative bodies acted.

It is an oversimplification to group together all acts of a board of supervisors in the creation of a new city or district, and stamp all such acts, as a group, as either within or beyond the scope of court review. Rather, each statute authorizing such action places upon the subordinate legislative body some restrictions which are conditions for its exercise of jurisdiction, and which require finding of specified facts. Thus, a board's finding as to sufficiency of the notice of hearing (*Imperial Water Co.* v. *Board of Supervisors,* 162 Cal. 14 [120 P. 780]; *Wheatley* v. *Superior Court,* 207 Cal. 722 [279 P. 989]), or of the petition (*Borchard* v. *Board of Supervisors,* 144 Cal. 10 [77 P. 708]), whether such findings be termed ''judicial,'' ''quasi-judicial,'' or otherwise, are clearly subject to some review by the courts under sufficient pleadings in a proper form of proceeding.

Similarly, where the board is required by statute to act when certain facts are established, the courts will inter-

vene when the required facts are clearly shown. (*Inglin* v. *Hoppin*, 156 Cal. 483 [105 P. 582].) Also, where the discretion to be exercised by the board is itself limited by the statute, the courts may inquire whether the limitations have been recognized and properly honored by the board. Thus, where the statute limits inclusion in an irrigation district to lands irrigable from a proposed source of water (*Imperial Water Co.* v. *Board of Supervisors, supra*, 162 Cal. 14), or the consolidation of school districts to lands within a fixed distance (*Broyles* v. *Mahon*, 72 Cal.App. 484 [237 P. 763]), the courts may review the board's decision.

However, neither of these situations exists here. ▮ The parties concede that all conditions precedent to the hearing by the board were properly met. The sole complaint is as to the board's decision excluding from the proposed city a substantial part of the land described in the petition for incorporation. The board acted under Government Code, section 34312, which provides:

"Establishment of the boundaries and determination of the size and shape of a proposed city are matters for the sound discretion of the board of supervisors." It is solely in the light of this language that we can consider whether the discretion exercised by the board is reviewable by the courts.

This statute prescribes no limitation whatever upon the discretion of the board. No vested right is here involved to bring into play broad constitutional limitations. The only right of those seeking incorporation is to have the statute, including the grant of broad discretion to the board, applied to them. ▮ The Legislature has not exceeded constitutional limitations in conferring broad powers upon the board of supervisors (*People* v. *Town of Loyalton*, 147 Cal. 774, 776 [82 P. 620]), and it does not rest with the courts to impose limitations. Moreover, if a court sought to exercise jurisdiction, it could find in the statute neither guidepost, landmark nor sextant to plot a course toward any result to be reached by it. ▮ Clearly, the question to be determined by the board is legislative or political in its essence, and is beyond consideration by the courts.

"The power devolved on boards of supervisors . . . to determine boundaries of a proposed town is legislative in its nature, and is vested in the board not as an indifferent party, but as the legislative body of the county whose territory is to be taken for the proposed town; and consequently as representing the interests of the people of the county at large as well

as those of the town." (*Vernon* v. *Board of Supervisors*, 142 Cal. 513, 515 [76 P. 253], followed and approved in *Borchard* v. *Board of Supervisors, supra,* 144 Cal. 10.)

"The question as to whether territory proposed to be included should be brought under municipal control is left to be finally determined by the board of supervisors." (*People* v. *Town of Loyalton, supra,* 147 Cal. 774, 778.) This decision also points out the lack of statutory limitation upon the powers of the board in fixing boundaries, and refers to "the broad words used in our statute." (See also *People* v. *City of Riverside,* 70 Cal. 461 [9 P. 662, 11 P. 759]; *People* v. *City of Belmont,* 100 Cal.App. 537 [280 P. 540].)

The same rule has been applied to annexation cases. The principle "that it was exclusively a matter for the legislature to say [by] what tribunal or how these boundaries should be fixed, is equally applicable to the fixing of the boundaries of territory to be annexed to an existing municipality . . . [T]he question of the extent and character of territory proposed to be incorporated is left . . . as the legislature was authorized to leave it, exclusively to the board of supervisors . . . and . . . the courts have no control of the subject." (*People* v. *City of Los Angeles,* 154 Cal. 220, 225 [97 P. 311]; see also *City of Burlingame* v. *County of San Mateo,* 90 Cal.App.2d 705 [203 P.2d 807].)

Some suggestion has been made that the words "sound discretion," appearing in Government Code, section 34312, place a limitation upon the board. Until 1937, the statute provided that, upon hearing, the board "shall make such changes in the proposed boundaries as they may find to be proper, and shall establish and define such boundaries." (Stats. 1883, p. 93.) In 1937, the statute was amended, leaving the language above quoted, but adding, with a number of other provisions, substantially the same language contained in the present section 34312. (Stats. 1937, p. 1811.) There is nothing whatever to indicate a limitation upon the discretion long previously found by *Vernon* v. *Board of Supervisors, supra, Borchard* v. *Board of Supervisors, supra,* and *People* v. *Town of Loyalton, supra,* to exist. The present provisions of the Government Code merely codify the long-existing statute, eliminating some repetitions, but substantially carrying into the new code the old provisions.

Appellant relies upon general language, to the effect that proceedings for the formation of an irrigation district (*Imperial Water Co.* v. *Board of Supervisors, supra,* 162 Cal. 14),

a bridge district (*Wheatley* v. *Superior Court, supra,* 207 Cal. 722), or for the alteration of school district boundaries (*Crane* v. *Board of Supervisors,* 17 Cal.App.2d 360 [62 P.2d 189]) are "judicial" in character, and thus subject to court review. As we have pointed out, many fact finding functions are imposed upon the supervisors in all the statutes regulating proceedings of this type. The exercise of such functions is reviewable under certain circumstances and in a proper form of action, whether the facts are found by the board in ascertaining the conditions establishing jurisdiction, or in exercise of a discretion limited by the particular statute to fixed fact situations. In none of these three decisions is the board's exercise of discretion in fact revised or modified, and there is nothing to indicate that in any of them would the court have extended its broad language to the precise situation here in issue.

There is no more room for intervention of the courts here than in the decision by a board of supervisors as to the amount of land needed for a county hospital (*Nickerson* v. *San Bernardino,* 179 Cal. 518 [177 P. 465]), or as to issuance of tax-anticipation notes (*Berkeley High School Dist.* v. *Coit,* 7 Cal.2d 132 [59 P.2d 992]). Whether it is good or bad policy to leave to supervisors a discretion so unfettered that it may be exercised in an arbitrary manner is, where no vested right is involved, a question for the Legislature and not for the courts.

In the absence of fraudulent or corrupt conduct, the determination by a board of supervisors of the boundaries, size and shape of a proposed city is, under the present statutory grant of discretion, not subject to review by the courts.

The judgment is affirmed.

Nourse, P. J., and Kaufman, J., concurred.